IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| SAM WHITEMAN, on behalf of himself and others similarly situated,<br><br>    *Plaintiff*,<br><br>v.<br><br>KFORCE INC.,<br><br>    *Defendant*. | Civil Action No. 8:22-cv-56<br><br>Collective Action Complaint<br><br>Demand for a Jury Trial |

## COLLECTIVE ACTION COMPLAINT

Sam Whiteman ("Plaintiff"), on behalf of himself and all other persons similarly situated, known and unknown, files this Complaint against Kforce Inc. ("Defendant"), and in support he states as follows:

## NATURE OF THE LAWSUIT

1. Plaintiff's claims against Defendant arise under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, for Defendant's failure to pay Plaintiff and other similarly situated employees overtime wages.

2. Defendant is a professional staffing agency that provides staffing services to its clients.

3. Plaintiff worked for Defendant as a Recruiter during his employment.

4. Defendant paid Plaintiff a salary.

5. Plaintiff was eligible to receive commissions.

6. In one or more workweeks since May 2018, Plaintiff worked in excess of forty (40) hours.

7. Defendant classified Plaintiff as exempt from the overtime requirements of the FLSA.

8. Defendant did not pay Plaintiff one and one-half times his regular rate for all hours he worked over 40 hours in one or more individual workweeks.

9. Defendant misclassified Plaintiff as exempt from the FLSA.

10. Defendant classified other Recruiters who worked for Defendant in Arizona, California, Colorado, Connecticut, the District of Columbia, Florida, Georgia, Iowa, Illinois, Indiana, Kansas, Kentucky, Maine, Maryland, Massachusetts, Michigan, Minnesota, Missouri, North Carolina, New Hampshire, New Jersey, New York, Ohio, Oregon, Pennsylvania, Rhode Island, South Dakota, Tennessee, Texas, Utah, Virginia, Washington and Wisconsin as exempt from the FLSA.

11. Defendant did not pay other Recruiters who were classified as exempt from the FLSA one and one-half times their regular rate for all hours they worked over 40 hours in one or more individual work weeks.

12. Defendant misclassified other Recruiters as exempt from the FLSA.

13. Plaintiff brings his FLSA claim as a collective action. Plaintiff's consent form is attached hereto as Exhibit A.

## THE PARTIES

14. Plaintiff Sam Whiteman is a resident of Kansas.

15. Defendant Kforce Inc. (hereinafter, "Defendant") is a corporation organized and existing under the laws of the State of Florida.

16. Defendant maintains its corporate headquarters in Tampa, Florida.

17. Defendant conducts business throughout the United States and has offices in Arizona, California, Colorado, Connecticut, Florida, Georgia, Illinois, Kentucky, Maryland, Massachusetts, Michigan, Missouri, North Carolina, New York, Ohio, Oregon, Pennsylvania, Texas, Utah, Virginia, Washington and Wisconsin.

18. Defendant is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1) and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of the FLSA. 29 U.S.C. § 203(s)(1)(A).

19. At all times relevant hereto, Defendant's annual dollar volume of business has exceeded five hundred thousand dollars ($500,000.00) per year.

20. Plaintiff was employed by Defendant as a Recruiter from approximately November 2017 to December 2020.

21. Plaintiff was a Talent Associate from approximately November 2017 to May 2019.

22. Plaintiff was a Market Manager from approximately May 2019 to December 2020.

23. Plaintiff worked out of Defendant's Overland Park, Kansas office.

24. During the relevant periods, Plaintiff was Defendant's "employee" as defined by the FLSA, 29 U.S.C. § 203(e)(1).

25. At all times relevant hereto, Defendant has been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

## JURISDICTION AND VENUE

26. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action is brought under the FLSA, 29 U.S.C. § 201, *et seq*.

27. Venue is proper in this judicial district because Defendant conducts sufficient business within the forum state as to constitute a submission to its laws, Defendant is incorporated in the state, and maintains its corporate headquarters in Tampa, Florida. 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

28. Defendant employs Account Managers who are responsible for working directly with Defendant's clients. Account Managers obtain all of the information regarding the position that a client is trying to fill. Clients advise

4

Account Managers of the specific credentials and qualifications required of a candidate. Account Managers in turn provide this information to Talent Acquisition Managers and Recruiting Managers.

29. Defendant's Talent Acquisition Managers and Recruiting Managers supervise Recruiters and inform Recruiters of a client's hiring needs.

30. Recruiters are required to follow specific protocols to find candidates who were qualified for open positions. Recruiters are primarily responsible for searching employment databases, including Indeed, Monster, LinkedIn, Careerbuilder, and Defendant's internal system RecruitMax, to assemble a list of names of potential candidates. Recruiters then contact these potential candidates to see if they meet the qualifications set by Defendant's clients and are interested in the open position.

31. Recruiters identify the names of candidates who meet the requirements for an open position to Defendant's Account Managers.

32. Account Managers have the full and ultimate authority to decide which candidates will be presented to Defendant's clients.

33. Recruiters do not have decision making authority.

34. Recruiters are not permitted to create or use their own recruiting strategies.

35. Recruiters are required to screen candidates according to Defendant's processes and procedures.

36. Due to Defendant's productivity demands, Plaintiff and other Recruiters would routinely arrive to work at or earlier than 8:00 a.m. and stay past 5:00 p.m. They would also regularly work from home and on weekends.

37. Plaintiff and other Recruiters routinely worked more than fifty (50) hours each week. Working overtime was integral to his employment.

38. Defendant did not compensate Plaintiff or other Recruiters for working overtime. Plaintiff and other Recruiters were paid the same regular rate regardless of how many hours they worked each week.

## COLLECTIVE ACTION ALLEGATIONS

39. Pursuant to the FLSA, Plaintiff commences this collective action against Defendant on behalf of himself and those similarly situated. The proposed FLSA collective class is defined as:

> All persons employed by Defendant as Recruiters since May 2018, who were paid on a salary basis, and who were classified as overtime exempt ("FLSA Collective").

40. The term Recruiter includes but is not limited to Talent Acquisition Specialists, Talent Acquisition Recruiters, Information Technology Recruiters, International Recruiters, Technical Recruiters, Health Care Recruiters, Talent Associates, Talent Associate Searches, Talent Associate FAs, Talent

Representatives, Talent Representative Searches, Talent Representative FAs, National Delivery Associate Techs, National Delivery Associate FAs, National Delivery Representative FAs, National Delivery Representative Techs and MSP Recruiters.

41. Plaintiff is similarly situated to members of the FLSA collective because they were paid in the same manner and performed the same primary job duties.

42. Since May 2018, Defendant employed individuals who performed the same primary job duties as Plaintiff.

43. Of Defendant's employees who performed the same primary job duties as Plaintiff since May 2018, Defendant classified some or all as exempt from the overtime provisions of the FLSA and paid them a salary.

44. Of employees classified as exempt who performed the same primary job duties as Plaintiff since May 2018, some or all worked over 40 hours in one or more individual workweeks.

45. Defendant has the names and addresses for individuals who are eligible to join the FLSA collective.

46. Members of the FLSA collective would benefit from the issuance of court-supervised notice, granting them the opportunity to join this lawsuit.

## CAUSE OF ACTION AND VIOLATIONS OF LAW

### *Count I.  Violation of the FLSA: Failure to Pay Overtime Wages*

47. This count arises from Defendant's violation of the FLSA by failing to pay overtime wages to Plaintiff and other similarly situated employees when they worked over 40 hours in individual workweeks.

48. Plaintiff was not exempt from the overtime provisions of the FLSA.

49. Other members of the FLSA Collective were not exempt from the overtime provisions of the FLSA.

50. Plaintiff was directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks.

51. Other members of the FLSA Collective were directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks.

52. Defendant did not pay Plaintiff one and one-half times his regular rate when he worked over 40 hours a week.

53. Defendant did not pay other members of the FLSA Collective one and one-half times their regular rate when they worked over 40 hours a week.

54. Defendant violated the FLSA by failing to pay overtime to Plaintiff at one and one-half times his regular rate of pay when he worked over 40 hours in one or more individual workweeks.

55. Defendant violated the FLSA by failing to pay overtime to other members of the FLSA Collective at one and one-half times their regular rates of pay when they worked over 40 hours in one or more individual workweeks.

56. Defendant's failure to pay Plaintiff and other similarly situated persons one and one-half times their regular rate for all time worked over 40 hours in a workweek was willful.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself and others similarly situated, pray for the following relief:

A. Designation of this action as a collective action on behalf of Plaintiff and those similarly situated;

B. Pursuant to 29 U.S.C. § 216(b), prompt issuance of notice to all those similarly situated, apprising them of the pendency of this action and permitting them to assert timely FLSA claims by filing individual consent forms;

C. Judgment against Defendant for its failure to pay Plaintiff and those similarly situated in accordance with the standards set forth by the FLSA;

D. Judgment that Defendant's violations were willful;

E. An award against Defendant for the amount of unpaid overtime wages owed, calculated at a rate that is not less than one and one-half (1.5) times Plaintiff's regular hourly rate for all overtime hours worked, to Plaintiff and those similarly situated;

F. An award of liquidated damages equal to the total amounts of unpaid wages owed to Plaintiff and those similarly situated;

G.     An award of prejudgment interest to the extent liquidated damages are not awarded;

H.     Pursuant to 29 U.S.C. § 216 and/or other applicable laws, an award of reasonable attorneys' fees and all costs to be satisfied in full by Defendant;

I.     Leave to add additional plaintiffs, opt-in or party, through the filing of consent forms; and

J.     All further relief deemed just and equitable by this Honorable Court.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial.

Dated: January 6, 2022             Respectfully submitted,

                                             */s/ Ben K. Schott*
                                             Ben K. Schott
                                             bschott@flsalaw.com
                                             Maureen A. Salas*
                                             msalas@flsalaw.com
                                             Michael Tresnowski*
                                             mtresnowski@flsalaw.com
                                             **Werman Salas P.C.**
                                             77 W. Washington Street, Suite 1402
                                             Chicago, Illinois 60602
                                             Phone No.: (312) 419-1008
                                             Fax No.: (312) 419-1025

Benjamin L. Davis, III (29774)
**The Law Offices of Peter T. Nicholl**
Benjamin L. Davis, III*
bdavis@nicholllaw.com
Kelly A. Burgy*
kaburgy@nicholllaw.com
36 S. Charles Street, Suite 1700
Baltimore, Maryland 21201
Phone No.: (410) 244-7005
Fax No.: (410) 244-8454

*Attorneys for Plaintiff and the Putative FLSA Collective Class*

*\* Special Admission to Practice application forthcoming*