IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| SAM WHITEMAN, on behalf of himself and others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>KFORCE INC.,<br><br>*Defendant*. | Civil Action No. 8:22-cv-00056-VMC-CPT<br><br>**First Amended Collective Action Complaint**<br><br>Demand for a Jury Trial |

## FIRST AMENDED COLLECTIVE ACTION COMPLAINT

Sam Whiteman ("Plaintiff"), on behalf of himself and all other persons similarly situated, known and unknown, files this First Amended Collective Action Complaint against Kforce Inc. ("Defendant"), and in support he states as follows:

### NATURE OF THE LAWSUIT

1. Plaintiff's claims against Defendant arise under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, for Defendant's failure to pay Plaintiff and other similarly situated employees overtime wages.

2. Defendant is a professional staffing agency that provides staffing services to its clients.

3. Plaintiff worked for Defendant as a Recruiter between November 2017 to December 2020.

4. Defendant paid Plaintiff on a salary basis throughout the duration of his employment.

5. Plaintiff was eligible to receive commissions.

6. In one or more workweeks since May 2018, Plaintiff worked in excess of forty (40) hours.

7. Defendant classified Plaintiff as exempt from the overtime requirements of the FLSA throughout the duration of his employment.

8. Defendant misclassified Plaintiff as exempt from the FLSA.

9. Defendant did not pay Plaintiff one and one-half times his regular rate for all hours he worked over 40 hours in one or more individual workweeks.

10. Defendant did not pay Plaintiff any overtime wages for the overtime hours he worked.

11. Defendant classified other Recruiters who worked for Defendant in Arizona, California, Colorado, Connecticut, the District of Columbia, Florida, Georgia, Iowa, Illinois, Indiana, Kansas, Kentucky, Maine, Maryland, Massachusetts, Michigan, Minnesota, Missouri, North Carolina, New Hampshire, New Jersey, New York, Ohio, Oregon, Pennsylvania, Rhode Island, South Dakota,

Tennessee, Texas, Utah, Virginia, Washington, and Wisconsin as exempt from the FLSA.

12. Defendant did not pay other Recruiters who were classified as exempt from the FLSA one and one-half times their regular rate for all hours they worked over 40 hours in one or more individual work weeks.

13. Defendant misclassified other Recruiters as exempt from the FLSA.

14. Plaintiff brings his FLSA claim as a collective action. Plaintiff's consent form was previously filed in this matter at Docket No. 1-2.

## THE PARTIES

15. Plaintiff Sam Whiteman is a resident of Kansas.

16. Defendant Kforce Inc. is a corporation organized and existing under the laws of the State of Florida.

17. Defendant maintains its corporate headquarters in Tampa, Florida.

18. Defendant conducts business throughout the United States and has offices in Arizona, California, Colorado, Connecticut, Florida, Georgia, Illinois, Kentucky, Maryland, Massachusetts, Michigan, Missouri, North Carolina, New York, Ohio, Oregon, Pennsylvania, Texas, Utah, Virginia, Washington, and Wisconsin.

19. Defendant is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1) and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of the FLSA. 29 U.S.C. § 203(s)(1)(A).

20. At all times relevant hereto, Defendant's annual dollar volume of business has exceeded five hundred thousand dollars ($500,000.00) per year.

21. Plaintiff was employed by Defendant as a Recruiter from approximately November 2017 to December 2020.

22. Plaintiff was a Talent Associate from approximately November 2017 to May 2019.

23. Plaintiff was a Market Manager from approximately May 2019 to December 2020.

24. Plaintiff worked out of Defendant's Overland Park, Kansas office.

25. At all times relevant hereto, Plaintiff was Defendant's "employee" as defined by the FLSA, 29 U.S.C. § 203(e)(1).

26. At all times relevant hereto, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

## JURISDICTION AND VENUE

27. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action is brought under the FLSA, 29 U.S.C. § 201, *et seq.*

28. Venue is proper in this judicial district because Defendant conducts sufficient business within the forum state as to constitute a submission to its laws, Defendant is incorporated in the state, and maintains its corporate headquarters in Tampa, Florida. 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

29. Defendant's workforce, which provides the company's staffing services, is split into the Sales division and the Recruiting division.

30. Employees in the Sales division work in a client facing position.

31. Employees in the Recruiting division identify candidates who may be qualified for open job positions with Kforce's clients.

32. Defendant employs Account Managers on the Sales side who are responsible for working directly with Defendant's clients. Account Managers obtain all of the information regarding the position that a client is trying to fill. Clients advise Account Managers of the specific credentials and qualifications required of a candidate. Account Managers in turn provide this information to Talent Acquisition Managers and Recruiting Managers.

33. Defendant's Talent Acquisition Managers and Recruiting Managers supervise Recruiters and inform Recruiters of a client's hiring needs.

34. Recruiters are required to follow specific protocols to find candidates who were qualified for open positions. Recruiters are primarily responsible for

searching employment databases, including Indeed, Monster, LinkedIn, Careerbuilder, and Defendant's internal system RecruitMax, to assemble a list of names of potential candidates. Recruiters then contact these potential candidates to see if they meet the qualifications set by Defendant's clients and are interested in the open position.

35. Recruiters identify the names of candidates who meet the requirements for an open position to Defendant's Account Managers.

36. Account Managers have the full and ultimate authority to decide which candidates will be presented to Defendant's clients.

37. Recruiters do not have decision making authority.

38. Recruiters are not permitted to create or use their own recruiting strategies.

39. Recruiters are required to screen candidates according to Defendant's processes and procedures.

40. Due to Defendant's productivity demands, Plaintiff and other Recruiters would routinely arrive to work at or earlier than 8:00 a.m. and stay past 5:00 p.m. They would also regularly work from home and on weekends.

41. Plaintiff consistently worked more than forty (40) hours each week. Working overtime was integral to his employment.

42. Plaintiff regularly worked fifty-five (55) hours a week. There were times when he worked even more hours in an individual work week.

43. Other Recruiters worked more than forty (40) hours a week.

44. Defendant did not compensate Plaintiff and other exempt-classified Recruiters one-and-one-half times their regular rate of pay when they worked more than forty (40) hours a week.

45. Defendant did not pay Plaintiff or other exempt classified workers any overtime wages.

46. The following individuals formerly worked for Kforce as Recruiters and filed claims alleging that Kforce misclassified them as exempt and failed to pay them overtime wages when they worked in excess of forty hours:

    a. Brian Longeran worked for Kforce as a Recruiter in Florida and opted into this case;

    b. Maxwell Olson worked for Kforce as a Recruiter in Florida and opted into this case;

    c. Michael Blasche worked for Kforce as a Recruiter in Florida and opted into this case;

    d. Alexander Lomaglio worked for Kforce as a Recruiter in Florida and opted into this case;

e. Gena Narcisco worked for Kforce as a Recruiter in Florida and opted into this case;

f. Rachael Trimboli worked for Kforce as a Recruiter in California and opted into this case;

g. Damon Marshall worked for Kforce as a Recruiter in Florida and California and opted into this case;

h. Tran Trinh worked for Kforce as a Recruiter in Kansas and opted into this case;

i. Hope Gofton worked for Kforce as a Recruiter in Pennsylvania and filed claims in the U.S. District Court for the Eastern District of Pennsylvania, *Gofton, et. al. v. Kforce Inc.;* Case 2:20-cv-04886.

j. Adam Kimbrel worked for Kforce as a Recruiter in Pennsylvania and filed claims in the *Gofton* matter.

k. Felipe Restrepo worked for Kforce as a Recruiter in Virginia and opted in to the *Gofton* matter.

l. Jessica Cook worked for Kforce as a Recruiter in California and filed claims in *Cook, et. al. v Kforce Inc.;* Case No. 22STCV00602, pending in the Superior Court of the State of California for the County of Los Angeles.

  m. Brianna Pratt worked for Kforce as a Recruiter in California and filed claims in the *Cook* matter.

  n. John Reed worked for Kforce as a Recruiter in California and filed a demand with the American Arbitration Association.

  o. Jonathan Kaker worked for Kforce as a Recruiter in California and filed a demand with the American Arbitration Association.

  p. Chantay Crawford worked for Kforce as a Recruiter in California and filed a demand with the American Arbitration Association.

  q. Khyran Shank worked for Kforce as a Recruiter in California and filed a demand with the American Arbitration Association.

47. The individuals identified in paragraph 46 all worked as Recruiters for Defendant and performed the job duties identified in paragraphs 31, 34-35 of this pleading.

48. Defendant employed Plaintiff, the opt-in Plaintiffs, and other Recruiters under various internal recruiting job titles. The internal recruiting job titles include: Talent Associates (including Talent Associate Searches, Talent Associate FAs, MM Talent Associates, VSD Talent Associate, ISS Talent Associate), Talent Representatives (including Talent Representative Searches and Talent Representative FAs), National Delivery Associates (including National Delivery

Associates Techs and National Delivery Associate FAs), National Delivery Representatives (including National Delivery Representative FAs and National Delivery Representatives Techs) and International Recruiter.

49. The individuals identified in paragraph 46 held a number of different internal recruiting job titles, including Talent Associate (Whiteman and Miller), Talent Associate Search (Gofton), MM Talent Associate (Whiteman), VSD Talent Associate (Blasche), ISS Talent Associate (Lomaglio, Lonergan, Marshall, Narcisco, and Olson), Talent Representative (Cook, Shank, Crawford, Kaker, Reed, Pratt, and Tran), Talent Representative FA (Kimbrel), VMO Recruiter Tech (Restrepo) and National Delivery Representative Tech (Restrepo).

50. Job titles were assigned to Recruiters based on the industry to which they were assigned, their years of experience, and the amount of revenue they were expected to generate.

51. For example, Recruiters in a "representative" role generally had less experience than recruiters in an "associate" role.

52. As an additional example, Recruiters in an "FA" role searched for candidates for finance and accounting related positions and recruiters in an "ISS" or International Recruiter role searched for international candidates.

53. Recruiters used job titles that were different than the internal recruiting job titles when holding themselves out to the public and potential candidates.

54. For example, Recruiters described themselves as Talent Acquisition Specialists, Talent Acquisition Recruiters, Technical Recruiters, Tech Recruiters, IT Recruiters, Health Care Recruiters, Finance and Accounting Recruiters, VMO Recruiters, International Recruiters.

55. Regardless of the internal recruiting job title assigned to them, Recruiters all performed the same job duties described in paragraphs 31, 34-35 of this pleading.

56. On June 25, 2021, Kforce entered into a tolling agreement with Jessica Cook and John Reed, who are represented by Plaintiffs' Counsel in this matter.

57. The tolling agreement provides that "[n]o statute of limitations on any claim under the FLSA shall run against Plaintiffs or any Similarly Situated Employee, and the same shall be tolled during the period of time while this Agreement is in effect."

58. The tolling agreement defines the term Similarly-Situated Employee as including, but not limited to, the following recruiter job titles: Technical Recruiter, Health Care Recruiter, Talent Associates, Talent Associate Searches, Talent Associate FAs, Talent Representatives, Talent Representative Searches,

11

Talent Representative FAs, National Delivery Associate Techs, National Delivery Associate FAs, National Delivery Representative FAs, and National Delivery Representative Techs.

59. The tolling agreement further provides "This Agreement is effective as of May 11, 2021 and shall terminate only after 30 days of advanced written notice of the intent to cancel provided to the other party in writing."

60. Defendant provided notice of its intent to terminate the tolling agreement on January 25, 2022.

## COLLECTIVE ACTION ALLEGATIONS

61. Pursuant to the FLSA, Plaintiff commences this collective action against Defendant on behalf of himself and those similarly situated. The proposed FLSA collective is defined as:

> All persons employed by Defendant as Recruiters since May 11, 2018, who were paid on a salary basis, and who were classified as overtime exempt ("FLSA Collective").

62. Plaintiff is similarly situated to members of the FLSA Collective because, as Recruiters, they performed the same primary job duties and were classified as exempt.

63. Since May 2018, Defendant employed individuals who performed the same primary job duties as Plaintiff.

64. Of Defendant's employees who performed the same primary job duties as Plaintiff since May 2018, Defendant classified some or all as exempt from the overtime provisions of the FLSA and paid them a salary.

65. Of employees classified as exempt who performed the same primary job duties as Plaintiff since May 2018, some or all worked over 40 hours in one or more individual workweeks.

66. Defendant has the names and addresses for individuals who are eligible to join the FLSA Collective.

67. Members of the FLSA Collective would benefit from the issuance of court-supervised notice, granting them the opportunity to join this lawsuit.

## CAUSE OF ACTION AND VIOLATIONS OF LAW

### *Count I.  Violation of the FLSA: Failure to Pay Overtime Wages*

68. This count arises from Defendant's violation of the FLSA by failing to pay overtime wages to Plaintiff and other similarly situated employees when they worked over 40 hours in individual workweeks.

69. Plaintiff was not exempt from the overtime provisions of the FLSA.

70. Other members of the FLSA Collective were not exempt from the overtime provisions of the FLSA.

71. Plaintiff was directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks.

72. Other members of the FLSA Collective were directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks.

73. Defendant did not pay Plaintiff one and one-half times his regular rate when he worked over 40 hours a week.

74. Defendant did not pay other members of the FLSA Collective one and one-half times their regular rate when they worked over 40 hours a week.

75. Defendant violated the FLSA by failing to pay overtime to Plaintiff at one and one-half times his regular rate of pay when he worked over 40 hours in one or more individual workweeks.

76. Defendant violated the FLSA by failing to pay overtime to other members of the FLSA Collective at one and one-half times their regular rates of pay when they worked over 40 hours in one or more individual workweeks.

77. Defendant's failure to pay Plaintiff and other similarly situated persons one and one-half times their regular rate for all time worked over 40 hours in a workweek was willful.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself and others similarly situated, prays for the following relief:

A. Designation of this action as a collective action on behalf of Plaintiff and those similarly situated;

B.     Pursuant to 29 U.S.C. § 216(b), prompt issuance of notice to all those similarly situated, apprising them of the pendency of this action and permitting them to assert timely FLSA claims by filing individual consent forms;

C.     Judgment against Defendant for its failure to pay Plaintiff and those similarly situated in accordance with the standards set forth by the FLSA;

D.     Judgment that Defendant's violations were willful;

E.     An award against Defendant for the amount of unpaid overtime wages owed, calculated at a rate that is not less than one and one-half (1.5) times Plaintiff's regular hourly rate for all overtime hours worked, to Plaintiff and those similarly situated;

F.     An award of liquidated damages equal to the total amounts of unpaid wages owed to Plaintiff and those similarly situated;

G.     An award of prejudgment interest to the extent liquidated damages are not awarded;

H.     Pursuant to 29 U.S.C. § 216 and/or other applicable laws, an award of reasonable attorneys' fees and all costs to be satisfied in full by Defendant;

I.     Leave to add additional plaintiffs, opt-ins or parties, through the filing of consent forms; and

J.     All further relief deemed just and equitable by this Honorable Court.

## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial.

Dated: March 18, 2022					Respectfully submitted,


							/s/ Ben K. Schott
							Ben K. Schott
							bschott@flsalaw.com
							Maureen A. Salas*
							msalas@flsalaw.com
							Michael Tresnowski*
							mtresnowski@flsalaw.com
							**Werman Salas P.C.**
							77 W. Washington Street, Suite 1402
							Chicago, Illinois 60602
							Phone No.: (312) 419-1008
							Fax No.: (312) 419-1025

							Benjamin L. Davis, III (29774)
							**The Law Offices of Peter T. Nicholl**
							Benjamin L. Davis, III*
							bdavis@nicholllaw.com
							Kelly A. Burgy*
							kaburgy@nicholllaw.com
							36 S. Charles Street, Suite 1700
							Baltimore, Maryland 21201
							Phone No.: (410) 244-7005
							Fax No.: (410) 244-8454

							*Attorneys for Plaintiff and the Putative FLSA Collective*

							*\* Admitted Special to this Action under Local Rule 2.01(c)*

16

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document was electronically filed and served on all parties of record via the Court's CM/ECF filing system

*/s/Ben K. Schott*
Ben K. Schott