IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAM WHITEMAN, on behalf of himself
and others similarly situated,

    *Plaintiff*,

v.

KFORCE, INC.,

    *Defendant*.

Civil Action No.:

8:22-cv-00056-VMC-CPT

Collective Action

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COLLECTIVE ACTION COMPLAINT

Defendant's claim that Plaintiff's First Amended Complaint fails to provide fair notice of the collective allegations is absurd. Plaintiff's First Amended Complaint is detailed, thorough and gives more than sufficient notice of a violation common to Plaintiff and all similarly situated Recruiters. In an attempt to portray the contrary, Defendant makes a series of misrepresentations to this Court. These misrepresentations are not a basis for dismissing this suit and the Motion to Dismiss Plaintiff's First Amended Collective Action Complaint ("the Motion") should be denied.

**I.    LEGAL STANDARDS**

In deciding a motion to dismiss, the court is required to view the complaint in the light most favorable to the plaintiff. *Murphy v. Federal Deposit Ins. Corp.*, 208 F.3d 959, 962 (11th Cir. 2000) (citation omitted). It is not required that the plaintiff set out

in detail the facts upon which his claim is based. *Poggi v. Humana, Inc.*, No. 8:17-CV-433-T-24 MAP, 2017 WL 1322487, at *1 (M.D. Fla., Apr. 7, 2017). All that is required is "a short and plain statement of the claim showing that the plaintiff is entitled to relief so that the defendant is given fair notice of what the claim is and the grounds upon which it rests." *Poggi*, 2017 WL 1322487, at *1 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

When collective claims under the Fair Labor Standards Act ("FLSA") are alleged, the plaintiff must give fair notice of the collective allegations. *Dyer v. Lara's Trucks, Inc.*, No. 1:12-CV-1785-TWT, 2013 WL 609307, at *3-4 (N.D. Ga. Feb. 19, 2013). Fair notice requires "(1) identification of plaintiff's job title and the job title of those employees who he contends are similarly situated; and (2) the pay provision at issue that is being applied to plaintiff and the other similarly situated employees." *Poggi*, 2017 WL 1322487, at *3.

## II. PROCEDURAL HISTORY AND FACTS ALLEGED IN THE FIRST AMENDED COMPLAINT

Defendant notified Plaintiff of its intention to file a motion to dismiss Plaintiff's initial pleading in this matter, explaining that it would argue that the original Collective Action Complaint did not identify similarly situated employees and their job positions. While Plaintiff maintains the allegations in the original pleading were more than sufficient to meet the applicable pleading standards, Plaintiff agreed to amend the Collective Action Complaint to avoid costly motions practice. On March 18, 2022, Plaintiff filed his First Amended Complaint, adding additional facts

regarding the recruiting job titles assigned to and the job duties performed by seventeen (17) additional Recruiters who worked for Defendant in five (5) different states and who are or have been represented by Plaintiff's Counsel. Pl.'s First Am. Compl., ECF No. 43 (hereinafter, "FAC"). Defendant went forward with filing a Motion to Dismiss on April 1, 2022. ECF No. 50.

In the FAC, Plaintiff identifies his dates of employment, the office where he worked and the specific Recruiter positions he held ("Talent Associate and Market Manager"). FAC ¶¶ 3, 21-24, ECF No. 43. Plaintiff states that he was paid a salary and classified as exempt from the FLSA's overtime requirements. *Id.* at ¶¶ 4, 7. Plaintiff alleges that he was misclassified and as a result, failed to receive overtime wages. *Id.* at ¶¶ 8, 9-10, 73. Plaintiff states that he consistently worked over forty (40) hours a week and gives an estimate of the number of hours he worked. *Id.* at ¶¶ 6, 41-42, 71.

Plaintiff makes clear that he is bringing this matter as a collective action on behalf of other similarly situated Recruiters. *Id.* at ¶¶ 14, 68-70. Plaintiff provides great detail regarding where Defendant's other Recruiters worked, going as far as to list the thirty-three (33) states where these Recruiters are or were employed. *Id.* at ¶ 11. The FAC's section with specific collective action allegations clearly defines the scope of Recruiters that Plaintiff seeks to represent. *Id.* at ¶¶ 61-67. Plaintiff affirms that he is similarly situated to these other Recruiters because just like him, they were also paid a salary, misclassified as exempt and failed to receive overtime wages. *Id.* at ¶¶ 11-13, 44-45, 62, 64, 74. Plaintiff provides the theory of FLSA recovery that he and other

Recruiters are seeking – unpaid overtime damages. *Id*. at ¶¶ 75-76. Plaintiff plainly states that these other Recruiters were subject to the same pay practices and therefore worked overtime throughout their employment. *Id*. at ¶¶ 43, 65, 72. Plaintiff provides the assigned schedules that he and other Recruiters were given and describes the overtime hours that Recruiters typically worked outside of their schedules. *Id*. at ¶ 40. Plaintiff also provides the common reason why he and other Recruiters worked overtime. *Id*.

Plaintiff's allegations situate the Recruiters within Defendant's larger operations and hierarchical structure. *Id*. at ¶¶ 2, 29-33. Defendant has a Sales Division – which works with Defendant's clients, and a Recruiting Division, who recruit candidates who may work in a position the client is trying to fill. *Id*. at ¶¶ 30-32. Plaintiff leaves no doubt that this case alleges that individuals working on the recruiting side of the business performed the same job duties subject to the same productivity demands. *Id*. at ¶¶ 34-41. Plaintiff specifically lists the internal job positions utilized by Defendant to identify its Recruiters and the sub-category aligned with each position. *Id*. at ¶ 48. For example, Plaintiff alleges that Defendant employs individuals in the Recruiter position Talent Associate and its six (6) sub-categories, the Recruiter positions Talent Representative, National Delivery Associate and National Delivery Representative and the two (2) sub-categories that fall within each of these positions, as well as the Recruiter position titled International Recruiter. *Id*.

Plaintiff describes the reasons why Recruiters were given their particular titles, identifying factors such as their years of experience, projected revenues and industry

4

needs. *Id.* at ¶¶ 50-52. Plaintiff goes as far as to explain the job titles that Recruiters used when interacting with the public. *Id.* at ¶¶ 53-54.

Plaintiff also identifies seventeen (17) other Recruiters who held one or more of the aforementioned recruiting titles and who have already filed or joined lawsuits against Defendant for the same violations of law. *Id.* at ¶ 46. Plaintiff identifies each state where these Recruiters worked and lists the specific positions that each of these Recruiters held. *Id.* at ¶¶ 46, 49.

Plaintiff specifically states that Recruiters all performed the same job duties, regardless of their internal position. *Id.* at ¶¶ 47, 55, 62-63. Plaintiff describes at length the duties that all similarly situated Recruiters performed. Plaintiff alleges that the primary job duty of every single member of the putative collective was identical: finding potential job candidates for Defendant's clients. *Id.* at ¶¶ 31, 34-35. Plaintiff explains that Recruiters were required to perform this common job duty pursuant to a common method – using specific protocols to find candidates. *Id.* at ¶ 34. Plaintiff describes these protocols in detail, identifying the databases that Recruiters were required to use to search for potential candidates and the related processes they all had to follow once candidates were found. *Id.*

Plaintiff also discusses the uniform limitations imposed on Recruiters in the performance of their duties. *Id.* at ¶¶ 36-39. This includes their inability to create their own recruiting strategies and the requirement to screen candidates in accordance with Defendant's standardized procedures. *Id.* at ¶¶ 37-39.

5

### III.   ARGUMENT

#### A.   Plaintiff Has Met the Pleading Requirements

In the FAC, Plaintiff details (1) his job titles and the job titles of the other Recruiters who he claims are similarly situated; and (2) the FLSA violation at issue that is applicable to both him and these other Recruiters. Nothing more is required to meet the pleading requirements and to provide Defendant with fair notice of the collective. *See Poggi*, 2017 WL 1322487, at *3. There can be no argument here that Defendant has notice of exactly who is subject to Plaintiff's suit and exactly what practices and conduct are at issue in this suit. Having received fair notice of the suit, Defendant can prepare a defense. That is all that is required to meet the requirements of Fed. R. Civ. P. 8.

Defendant ignores entirely the specific details in the FAC and never addresses the fact that Plaintiff amended the original Collective Action Complaint to add additional facts about the recruiting job titles and job duties performed by seventeen (17) Recruiters who worked for Defendant in five (5) different states. Rather, Defendant maintains that the collective allegations are deficient, suggesting Defendant was intent on filing the Motion regardless of any additional facts Plaintiff added to the pleading.

Defendant's claim that the collective allegations are deficient rings hollow when considering that Defendant has been repeatedly sued for essentially the same collective allegations that Plaintiff now asserts and not once has Defendant challenged the definition of the collective class, where the named plaintiffs sought to represent the

6

same or substantially similar classes. *See Gofton, et al. v. Kforce, Inc.*, Case No. 2:20-cv-04886 (E.D. Pa.), Compl. ¶ 4, ECF No. 1 (asserting claims on behalf of a collective class of Recruiters who held similar recruiting positions listed in Plaintiff's FAC); *Cook v. Kforce, Inc.*, Case No. 2:21-cv-02453 (C.D. Cal.), Compl. ¶¶ 7, 41, ECF No. 1 (collective action lawsuit brought on behalf of Recruiters, wherein ten (10) of the internal recruiting positions that Plaintiff identifies in the FAC are also referenced). However, only in this matter has Defendant challenged the collective allegations. Defendant's sudden flip, now feigning ignorance as to what could possibly hold together a collective of its Recruiters, calls into question the sincerity of Defendant's arguments.

A review of *Lewis v. Kforce Inc.*, Case No. 3:21-cv-01375 (S.D. Cal.) further substantiates these concerns. In *Lewis*, the plaintiff also filed a lawsuit against Defendant on behalf of other Recruiters. However, the allegations within the plaintiff's short four (4) page complaint were extremely limited. *See Lewis*, First Am. Compl., ECF No. 10. The plaintiff neglected to identify his dates of employment, the position he held and the duties he performed. *Id.*, *passim*. In *Lewis*, the plaintiff's collective allegations were also deficient. The class definition was conclusory and overly broad, where the plaintiff stated that all of Defendant's salaried employees who were misclassified, all of Defendant's hourly employees who were paid incorrect rates and all of Defendant's commissioned employees that were not paid properly should be included. *Id.* at ¶¶ 4, 11-12. The plaintiff failed to provide any information regarding these employees, which includes where they worked, the positions they held or the

duties they performed. *Id.*, *passim*. It is impossible to tell from the complaint that the plaintiff and those he claimed to be similarly situated were even Recruiters, as no recruiting tasks are mentioned throughout the entire complaint. *Id*. However, Defendant was completely silent as to these deficiencies; Defendant proceeded with answering the complaint and did not move to dismiss. *See Lewis*, Def.'s Answer to Compl., ECF No. 13. Thus, comparing the allegations in *Lewis* to those asserted by Plaintiff in this matter strongly suggests that Defendant's Motion is for an improper purpose.

Defendant also claims that Plaintiff "unilaterally created" the job title "Recruiter," a claim that could not be made in good faith given the history of Defendant's misclassification litigation over this exact job position. Def.'s Mem. in Supp. of Mot. to Dismiss 2, 12, ECF No. 50-1 (hereinafter, "Def.'s Mem."). Defendant has never objected to the use of the title Recruiter in other litigation when referencing Defendant's various internal recruiting positions and Defendant has itself admitted that these positions were similar. *See Cook,* Def.'s Answer to Compl. ¶¶ 7, 41, ECF No. 26 (Defendant affirming the collective class definition of "all persons employed by Defendant . . . as salaried Recruiters who were classified as exempt" and Defendant expressly admitting that it "employs individuals in various recruiting positions."). Moreover, in the *Cook* matter, undersigned counsel executed a tolling agreement with Defendant, where it was expressly agreed that the title "Recruiter" would be used to describe all of Defendant's similarly situated employees who held the multiple recruiting positions that were identified in the complaint. Ex. 1, Tolling Agreement.

8

On its website, Defendant also uses the term Recruiter to describe the employees staffed in its Recruiting Division.[1] Defendant's website and prior actions confirm that while it may ultimately contest commonality in this litigation at the appropriate stage, it is certainly familiar with the term "Recruiter" and this is not a term Plaintiff "unilaterally created." Thus, Defendant's current argument that it is improper for Plaintiff to use the title Recruiter to identify the employees who held similar recruiting positions is disingenuous.

Defendant also argues that Plaintiff has not pled any facts describing the specific job requirements and duties associated with each of the sixteen (16) Recruiter positions identified in the FAC and that Plaintiff has failed to provide a factual basis that these recruiting positions, including the ones that Plaintiff held, are similarly situated. Def.'s Mem. 1-2, 11-12, ECF No. 50-1. Defendant's argument ignores Plaintiff's specific allegations that all of Defendant's similarly situated Recruiters performed the same duties regardless of the internal recruiting position they were given. FAC ¶¶ 47, 55, 62-63, ECF No. 43.

Defendant also claims that Plaintiff's collective allegations are problematic because he has not pled to have worked in fourteen (14) of the sixteen (16) Recruiter positions identified. Def.'s Mem. 2, 13, ECF No. 50-1. However, there is no requirement for Plaintiff to have alleged to have worked in every Recruiter position at issue in order for his collective allegations to satisfy the pleading standards. *See, e.g.*,

---

[1] https://www.kforce.com/about/careers-at-korce/ (last visited 4/21/2022);
https://www.kforce.com/recruiting-fill-out-the-form-to-apply/ (last visited 4/21/22).

9

*Longnecker v. Am. Exp. Co.*, No. 2:14-CV-0069-HRH, 2014 WL 1577522, at *3-4 (D. Ariz. Apr. 21, 2014). Plaintiff is only required to identify a class of employees with similar duties. *Id.* at *4. Plaintiff has clearly alleged that he and other Recruiters performed the same job duties irrespective of their recruiting title.

Defendant claims that Plaintiff has "failed to plead any facts" regarding what job duties he performed in his specific Recruiter roles. Def.'s Mem. 2, 12, ECF No. 50-1. This is simply wrong. Plaintiff specifically alleged what his job duties were and alleged what job duties were performed by all other similarly situated Recruiters. FAC ¶¶ 47, 55, 62-63, ECF No. 43. Defendant pretending not to understand this fact is not a cause for dismissal.

Defendant claims that Plaintiff's allegations are deficient because he pled that he "worked in the positions of Talent Associate and Market Manager," but that Defendant's payroll records actually show that he was employed "as a Talent Associate, MM Talent Associate, and MM Talent Manager." Def.'s Mem. 4, ECF No. 50-1. From this, it is clear that Defendant is grasping at straws. The fact that Plaintiff did not put "MM" in front of Talent Associate or "MM Talent" in front of Manager does not provide a justification for dismissing a complaint.

Defendant submits payroll records to argue that because Plaintiff's internal job title is not "Recruiter," than he cannot represent a class of all Recruiters. Def.'s Mem. 4-5 n. 1, ECF No. 50-1. This argument ignores the fact that Plaintiff clearly explains in the FAC his allegation that the set of all employees who worked as Recruiters had

different internal job titles within Defendant's organization. FAC ¶¶ 48-50, ECF No. 43. Nothing in the payroll records contradicts that allegation.

Furthermore, it is not clear the payroll records are properly before the Court at this stage of the litigation. The case Defendant cites for attaching additional evidence to a motion to dismiss, *Palacios v. Shift*, No. 2:21-CV-00030-RWS, 2021 WL 3493165, at *2 (N.D. Ga. June 23, 2021), involved the submission of the plaintiff's W-2s to show whether or not the plaintiff was obviously exempt given the plaintiff's compensation. *See Palacios*, 2021 WL 3493165, at *2.[2] To the extent the Court invites the submission of additional evidence, the evidence only supports the misclassification theory in this case. The records illustrate that Defendant classified Plaintiff as salaried, that he was paid the same sums regardless of the number of hours he worked each week and that he failed to receive overtime wages. *See* Def.'s Mem. Ex. A, ECF No. 50-2. Plaintiff has alleged the same was true for all other Recruiters. Thus, the submitted pay records only support Plaintiff's allegations that he and other Recruiters were misclassified.

Defendant also argues that Plaintiff's collective definition fails to plead that Recruiters suffered any unpaid overtime damages. Def.'s Mem. 14-15, 16 n. 3, ECF

---

[2] Defendant also claims that *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1344 n. 3 (11th Cir. 2005) supports its argument that the payroll records attached to its motion should be considered. Def.'s Mem. 4 n. 1, ECF No. 50-1. Defendant's claim is misleading. In *Maxcess*, the document the court considered was a purchase agreement that determined whether the plaintiff's claims were filed within the requisite statutory period. *Maxcess*, 433 F.3d at 1340. Thus, the court made clear that "*contracts* such such as the one in question are central to a plaintiff's claim." *Id*. at 1344 n. 3 (emphasis added) (citation omitted). Conversely, Defendant attaches the payroll records for the sole purpose of supporting its arguments. Defendant's arguments are not relevant at the pleading stage and certainly not central to Plaintiff's claims. *See Mitial v. Dr. Pepper Snapple Group*, No. 11-81172-CIV, 2012 WL 2524272, at *3-4 (S.D. Fla. June 29, 2012).

No. 50-1. To support its argument, Defendant cites *Scheall v. Nicaea Academy, Inc.*, No. 2:14-CV-653-FtM-29 DNF, 2015 WL 3991041, at *3 (M.D. Fla 2015), where the court initially rejected the putative class definition. However, Defendant fails to mention that *Scheall* was decided at the conditional certification stage, *not* on a motion to dismiss. *See Scheall*, 2015 WL 3991041, at *1-2. At this stage, Plaintiff has alleged more than sufficient facts to provide Defendant with fair notice of the the type of unpaid damages that he is seeking on behalf of himself and other Recruiters. *See Anish v. Nat'l Sec. Corp.*, No. 10-80330-CIV, 2010 WL 4065433, at *2 (S.D. Fla. Oct. 15, 2010). Plaintiff has alleged that all other similarly situated Recruiters were misclassified as exempt salaried employees, worked overtime, failed to receive overtime wages and that he is seeking to recover unpaid overtime damages on their behalf. FAC ¶¶ 11-13, 43-45, 62, 64-65, 72, 74-76, ECF No. 43.

### B. Personal Knowledge and Documents are Not Required at the Pleading Stage

Defendant claims that Plaintiff's collective allegations should be dismissed due to his supposed lack of "personal knowledge" regarding the duties performed by Recruiters who held different titles and did not work in his state. Def.'s Mem. 2, 11, 13-14, ECF No. 50-1. However, personal knowledge is an evidentiary standard that is not applicable at the motion to dismiss stage. Fed. R. Civ. P. 602; *See also Moreno v. Ferretti Group of Am., LLC*, No. 10-24507-CIV, 2011 WL 4499031, at *1 (S.D. Fla. Sept. 27, 2011) (citation omitted). Personal knowledge is also not the pleading standard required by courts in this district. *Dubyk v. RLF Pizza, Inc.*, No. 13-81028-CIV, 2014

WL 1153044, at *2 (S.D. Fla. Mar. 17, 2014) (rejecting the notion that allegations in the complaint had to be based on personal knowledge and confirming that personal knowledge was required only at the summary judgment stage).

It is well-established that a plaintiff is not prohibited from pleading facts based "upon information and belief." *Id.* (citing *Arista Records, LLC v. Doe 3,* 604 F.3d 110, 120 (2d Cir. 2010)); *Ceant v. Aventura Limousine & Transp. Svc., Inc.,* 874 F.Supp.2d 1373, 1378–79 (S.D. Fla. 2012). The requirement of mere "information and belief" makes clear that Plaintiff need not have physically worked at all of Defendant's offices or held every single one of Defendant's functionally identical recruiting titles to sufficiently plead nationwide collective allegations. *See Ryte v. Express Courier Int'l, Inc.*, No. 1:18-CV-00186-LMM, 2018 WL 10847495, at *2 (N.D. Ga. Nov. 19, 2018) (refusing to dismiss plaintiff's class allegations that were based on "information and belief" rather than personal knowledge); *Longnecker*, 2014 WL 1577522, at *3-4 (denying the defendant's motion to dismiss the plaintiff's collective action complaint because the plaintiffs identified a set of pay violations and job duties common to the class, despite the fact that the plaintiffs may not have held every single job title at issue).

Defendant also claims that Plaintiff has not met his pleading requirements due to not having any documents. Defendant argues that Plaintiff's lack of documents in response to this Court's initial FLSA Scheduling Order warrants dismissal of the collective allegations because it shows that Plaintiff has no "documentary proof" to support his claim that other Recruiters are similarly situated. Def.'s Mem. 2, 13-14, ECF No. 50-1. It is clear that Defendant is trying to misconstrue this Court's Order.

13

As a threshold matter, the Court's FLSA Scheduling Order required Plaintiff to produce documents limited to those "that pertain to the unpaid wages claimed in the Complaint." ECF No. 23. Regardless, to sufficiently plead a collective cause of action, "[n]o evidence is required." *Dyer v. Lara's Trucks, Inc.*, No. 1:12-CV-1785-TWT, 2013 WL 609307, at *3 (N.D. Ga. Feb. 19, 2013). Thus, Plaintiff not having documents relating to the unpaid wages claimed in the Complaint is immaterial to a motion to dismiss. *Id.* Requiring prospective plaintiffs to present documents at the pleading stage, before they even have the chance to obtain documents to prove their case in discovery, would overturn the entire legal system. The heightened pleading standard that Defendant seeks to impose is absurd.

### C. Defendant Misrepresents the Authorities Cited

Defendant claims that courts within the Eleventh Circuit "routinely dismiss" FLSA collective actions where plaintiffs have not met the similarly situated standard. Def.'s Mem. 10, ECF No. 50-1. However, the cases show the precise opposite; FLSA cases are only dismissed when the pleadings are so bare bones that the court and the defendant are left in the dark on crucial issues such as the job positions at issue and/or the scope of the proposed collective. Plaintiff's FAC, with its detailed description of Defendant's organizational structure, pay practices, job duties and productivity standards, does not fall within that category.

For instance, *Bule v. Garda CL Southeast, Inc.*, 2014 WL 3501546, at *4 (S.D. Fla. 2014) involved a pleading with only half a page devoted to factual allegations. *See Bule v. Garda CL Southeast, Inc.*, Case No. 1:14-cv-21898 (S.D. Fla.), Compl., ECF No. 1-2.

14

The plaintiff did not identify the positions that he and the proposed collective held and failed to describe the type of work that he and the proposed collective members performed, making it impossible to tell what they even did. *Id*. The plaintiff did not allege the dates he worked for the defendant nor the relevant period or the collective. *Id*., *passim*. The plaintiff also failed to state that he and the proposed collective members were paid in the same manner, nor did the plaintiff provide any description of how he and the proposed collective were paid. *Bule*, 2014 WL 3501546, at *4. The half-page set of allegations left the court unable to decipher the theory of FLSA recovery that the plaintiff was even claiming on behalf of himself and others similarly situated. *Id.* Unlike *Bule*, Plaintiff here provides his dates of employment and the relevant employment period applicable to all other similarly situated Recruiters. Plaintiff describes the job duties that he and other Recruiters performed in detail and specifically identifies each recruiting position they held. He also describes the uniform pay provisions that he and other Recruiters were all subject to for purposes of illustrating the theory of FLSA recovery. Thus, it is clear that Plaintiff has provided a sufficient factual basis that would entitle him and other Recruiters to relief. Defendant's contrary arguments are simply a ruse.

    *Pickering v. Lorillard Tobaco Co., Inc.*, No. 2:10-CV-633-WKW[WO], 2011 WL 111730, at *2-3 (M.D. Ala. Jan. 13, 2011) similarly involved a pleading with only a fraction of the details Plaintiff has provided here. The *Pickering* plaintiff failed to identify his dates of employment and the relevant employment period for those he claimed were similarly situated. *See Pickering v. Lorillard Tobaco Co., Inc.*, Case No. 2:10-

15

cv-00633 (M.D. Ala.), Compl., ECF No. 1. Within the entirety of the plaintiff's short complaint, there is only a single page dedicated to the factual allegations. *Id*. at ¶¶ 8-14. Within the factual allegations section, the plaintiff simply stated that he worked as a "sales representative." *Pickering*, 2011 WL 111730, at *2. However, the plaintiff altogether failed to describe what his duties as a sales representative actually consisted of. *Id*. The plaintiff also failed to even state that the proposed collective members held the position of sales representative. *Id*. In fact, the plaintiff altogether failed to identify the positions held by the proposed collective members and just broadly stated that the class should consist of "all similarly situated employees." *Id*. The plaintiff provided absolutely no information as to who these other employees were, the positions they held, or the duties they performed. *Id*. The plaintiff even failed to describe how both he and members of the proposed collective were paid. *Id*. Based on all of these deficiencies, the court held that there was "no factual basis by which to assess whether [p]laintiff and the other employees were similarly situated." *Id*. at *3. *Pickering* is not at all analogous to this matter. Plaintiff's FAC contains the positions in the proposed collective, job duty allegations and allegations of a common compensation policy.

In *St. Croix v. Genentech, Inc.*, No. 8:12-CV-891-T33EAJ, 2012 WL 2376668, at *3 (M.D. Fla. June 22, 2012), the plaintiff's complaint was only (3) pages. *See St. Croix v. Genentech, Inc.*, Case No. 8:12-cv-00891 (M.D. Fla.), Compl., ECF No. 2. There were no allegations describing the type of work the plaintiff performed, her dates of employment, or where she worked. *St. Croix*, 2012 WL 2376668, at *2-3. The collective

16

allegations simply stated the defendant employed "numerous individuals who were similarly situated." *Id*. Defendant strains logic in attempting to analogize the detailed FAC Plaintiff filed here and the "scant facts" put forward in *St. Croix. Id*. at *2.

For the same reasons, Defendant's reference to *Benitez-Fajardo v. Seafood, Inc.*, 2013 WL 12124621, at *5 (S.D. Fla. 2013) is disingenuous. The *Benitez-Fajardo* plaintiff simply alleged that he was employed as an "all-purpose restaurant employee, performing general non-exempt work." *See Benitez-Fajardo v. Seafood, Inc.*, Case No. 1:13-cv-22237 (S.D. Fla.), Compl. ¶ 16, ECF No. 1. Not once does the plaintiff identify the position he actually held, the positions held by others he claimed were similarly situated, nor the pay provisions at issue. *Benitez-Fajardo*, 2013 WL 12124621, at *1, 5. The combination of these deficiencies prevented the court from being able "to determine that there were other prospective plaintiffs." *Id*. at *5. Unlike *Benitez-Fajardo*, there is nothing that prevents this Court from finding that there are other prospective plaintiffs. Within the FAC, Plaintiff specifically identifies other Recruiters and explains at length why he and other Recruiters are similarly situated. Consequently, Defendant's reference to *Benitez-Fajardo* does little to advance its arguments.

*Poggi v. Humana, Inc.*, No. 8:17-CV-433-T-24 MAP, 2017 WL 1322487, at *3 (M.D. Fla., Apr. 7, 2017) involved yet another bare bones complaint (only four (4) pages long) that looks nothing like the detailed FAC at issue here. *See Poggi v. Humana, Inc.*, Case No. 8:17-cv-00433 (M.D. Fla.), Compl., ECF No. 1. The plaintiff merely alleged he worked in a "labor position" and did not provide any detail regarding what

17

the labor involved. *Poggi*, 2017 WL 1322487, at *1. The proposed collective was simply "each and every hourly employee." *Id.* at *3. The *Poggi* complaint was also internally inconsistent, with the plaintiff alleging that he was paid hourly in some sections and a "flat rate or salary" in others. *Id.* at *1. Because of all of these problems, the complaint was dismissed. The court held that the "[p]laintiff gave *absolutely no detail*" regarding the factual and legal circumstances of the employees the plaintiff claimed to be similarly situated. *Id.* at *3 (emphasis added). The court found that it was even "unclear [as to] what precise claims the [p]laintiff was asserting" and that it only "*appear[ed]* [that he was] attempting to assert a collective action." *Id*. at *1 (emphasis added).[3]

*Melendez v. G4S Secure Solutions (USA) Inc.*, No. 20-24213-CIV-GRAHAM, 2020 WL 10140956, at *2 (S.D. Fla. 2020) involved a lack of allegations of the similarly situated positions. The plaintiffs' class definition was extremely broad and conclusory, simply consisting of all hourly employees. *See Melendez v. G4S Secure Solutions (USA) Inc.*, Case No. 1:20-cv-24213 (S.D. Fla.), Compl. ¶ 11, ECF No. 1. The plaintiffs also failed to describe the tasks that they and members of the proposed collective performed. *Melendez*, 2020 WL 10140956, at *2. Similarly, *Dyer*, 2013 WL 609307, at *4 involved the bare allegation that the plaintiff "seeks a collective action with a class of employees that are similarly situated." Because the plaintiff stated that she held multiple positions, the court could not "discern which employees the plaintiff

---

[3] In *Poggi*, another reason why the court dismissed the collective allegations was because the plaintiff failed to even file a consent form. *Poggi*, 2017 WL 1322487, at *2.

18

sought to include." *Id.* In this matter, there is zero doubt as to the identity of the employees Plaintiff seeks to include, the job duties performed by these employees, their compensation policies and the nature of the misclassification scheme at issue. Plaintiff's FAC allegations go as far as listing all of the Recruiter positions at issue. These conditions confirm that Defendant's arguments are incredulous.

The stark contrast between the FAC and the series of cases Defendant submits to the Court can only be explained by Defendant's failure to read Plaintiff's FAC in its entirety, a deliberate attempt to mislead the Court, or an exercise in making strained comparisons solely to delay and obstruct. Regardless of the motive, Defendant's misrepresentations do not support dismissing the FAC.

## IV.  CONCLUSION

For all of these reasons, Defendant's Motion to Dismiss must be denied.

Respectfully submitted, this 22nd day of April 2022.

/s/ *Benjamin L. Davis, III*

Benjamin L. Davis, III, Esq.
Kelly A. Burgy, Esq.
The Law Offices of Peter T. Nicholl
36 South Charles Street, Suite 1700
Baltimore, Maryland 21201

Maureen A. Salas, Esq.
Michael Tresnowski, Esq.
Werman Salas P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602

*Attorneys for Plaintiff and the Putative Collective*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was served on all attorneys of record via this Court's electronic case filing system on this 22nd day of April 2022.

Justin Curley, Esq.
Christian Rowley, Esq.
Seyfarth Shaw LLP
560 Mission Street, Suite 3100
San Francisco, California 94105

Stephanie Delatorre, Esq.
Seyfarth Shaw LLP
1075 Peachtree Street, NE   Suite 2500
Atlanta, Georgia 30309

Erin Jackson, Esq.
Ashley Gallagher, Esq.
Johnson Jackson PLLC
100 N. Tampa Street, Suite 2310
Tampa, Florida 33602

Gina Merrill, Esq.
King & Spalding LLP
1185 Avenue of the Americas, 34th Floor
New York, New York 10036

*Attorneys for Defendant*

          /s/ Benjamin L. Davis, III

          *One of the Attorneys for Plaintiff*
          *and the Putative Collective*