```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                      TAMPA DIVISION
```

SAM WHITEMAN, on behalf of
himself and others similarly
situated,

      Plaintiff,

v.                               Case No. 8:22-cv-56-VMC-CPT

KFORCE INC.,

      Defendant.
_____/

**ORDER**

This matter is before the Court on consideration of Defendant Kforce Inc.'s Motion to Dismiss Plaintiff's First Amended Collective Action Complaint (Doc. # 50), filed on April 1, 2022. Plaintiff Sam Whiteman responded on April 22, 2022. (Doc. # 58). The Motion is denied.

I.    **Background**

Whiteman initiated this Fair Labor Standards Act ("FLSA") action against his former employer, Kforce, on January 6, 2022. (Doc. # 1). He filed the amended complaint, asserting an unpaid overtime claim under the FLSA on behalf of a collective of other Kforce employees, on March 18, 2022. (Doc. # 43).

According to the amended complaint, Kforce is "a professional staffing agency that provides staffing services to its clients" based out of Tampa, Florida. (Id. at 1, 3). Whiteman worked as a "Recruiter" for Kforce in Kansas between November 2017 and December 2020. (Id. at 2). Although Whiteman uses the generic term Recruiter for himself and other employees throughout most of the amended complaint, he alleges that he held two specific job titles while at Kforce: Talent Associate and Market Manager. (Id. at 4).

The amended complaint explains that Kforce's workforce is split between a Sales division and a Recruiting division. (Id. at 5). "Employees in the Recruiting division identify candidates who may be qualified for open job positions with Kforce's clients." (Id.). The duties of Recruiters are alleged as follows:

> Recruiters are required to follow specific protocols to find candidates who were qualified for open positions. Recruiters are primarily responsible for searching employment databases, including Indeed, Monster, LinkedIn, Careerbuilder, and Defendant's internal system RecruitMax, to assemble a list of names of potential candidates. Recruiters then contact these potential candidates to see if they meet the qualifications set by [Kforce]'s clients and are interested in the open position.

(Id. at 5-6). Although Kforce allegedly "employed [Whiteman], the opt-in Plaintiffs, and other Recruiters under various

2

internal recruiting job titles" (sixteen different titles are mentioned), "Recruiters all performed the same job duties." (Id. at 9-11).

Whiteman was paid on a salary basis, though he was eligible to receive commissions. (Id. at 2). Whiteman frequently worked more than forty hours in a workweek. (Id.). "Due to [Kforce]'s productivity demands, [Whiteman] and other Recruiters would routinely arrive to work at or earlier than 8:00 a.m. and stay past 5:00 p.m. They would also regularly work from home and on weekends." (Id. at 6).

Kforce never paid Whiteman overtime wages because it "misclassified [him] as exempt from the FLSA." (Id. at 2). Likewise, Kforce allegedly "misclassified other Recruiters as exempt from the FLSA" in the numerous states in which Kforce operates, including Arizona, California, Colorado, Connecticut, the District of Columbia, Florida, Georgia, Iowa, Illinois, Indiana, Kansas, Kentucky, Maine, Maryland, Massachusetts, Michigan, Minnesota, Missouri, North Carolina, New Hampshire, New Jersey, New York, Ohio, Oregon, Pennsylvania, Rhode Island, South Dakota, Tennessee, Texas, Utah, Virginia, Washington, and Wisconsin. (Id. at 2-3). Kforce never paid these Recruiters overtime wages, though they frequently worked more than 40 hours per week. (Id. at

3

3, 6-7). Thus, Whiteman alleges that he is "similarly situated to members of the FLSA Collective because, as Recruiters, they performed the same primary job duties and were classified as exempt." (Id. at 12).

Whiteman also lists seventeen former Kforce employees who have opted-in to this case or brought similar FLSA claims against Kforce in other courts or in arbitration. (Id. at 7-9). These individuals all worked as Recruiters in various states and claim that Kforce "misclassified them as exempt and failed to pay them overtime wages when they worked in excess of forty hours." (Id.).

Kforce now moves to dismiss the amended complaint. (Doc. # 50). Whiteman has responded (Doc. # 58), and the Motion is ripe for review.

## II. Legal Standard

On a motion to dismiss pursuant to Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).[1]

### III. **Analysis**

Kforce argues that Whiteman has failed to plead a plausible collective action claim under the FLSA. (Doc. # 51 at 9). Specifically, the Motion asserts:

> [Whiteman] has not alleged specific facts that plausibly demonstrate that he was "similarly situated" as a Talent Associate, MM Talent Associate, and MM Talent Manager in Kansas to the 16 positions listed in Paragraph 48 of the First

---

[1] The Court declines to consider the payroll records Kforce attaches to its Motion or any other discovery outside the four corners of the amended complaint. These documents are not so central to Whiteman's claims that they should be considered at the motion to dismiss stage.

> Amended Complaint in 32 different states and in the District of Columbia. [Whiteman] has pled no facts that show: i) what job duties [he] actually held as a Talent Associate, MM Talent Associate, and/or MM Talent Manager at Kforce; ii) that he was "similarly situated" in "job requirements" with the other positions listed in Paragraph 48 of the Complaint, or iii) that he has any personal knowledge of the duties of these different positions across 31 other states and the District of Columbia.

(Id. at 11). Additionally, Kforce argues that the amended complaint "fails to state a collective action claim under the 'similarly situated' standard with respect to unpaid overtime damages" because it does not "stat[e] with any specificity how or why the duties performed by the individuals in these 16 positions resulted in unpaid overtime damages." (Id. at 15).

The FLSA authorizes collective actions against employers accused of violating the FLSA. 29 U.S.C. § 216(b). Section 216(b) provides that "[a]n action . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing[.]" 29 U.S.C. § 216(b). "Thus, to maintain a collective action under the FLSA, plaintiffs must demonstrate that they are similarly situated." Melendez v. G4S Secure Sols. (USA) Inc., No. 20-

24213-CIV, 2020 WL 10140956, at *2 (S.D. Fla. Dec. 11, 2020) (citing Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1258 (11th Cir. 2008)).

"The Eleventh Circuit has not adopted a clear definition of how similar employees must be in order for a case to proceed as a collective action." Id. "It has, however, provided some guidance. The employees should be '"similarly situated" with respect to their job requirements and with regard to their pay provisions.'" Id. (quoting Morgan, 551 F.3d at 1259). "[W]here a complaint fails to sufficiently allege the attributes of the similarly situated employees, the collective action claim may be dismissed at the pleading stage." Id.

The Court disagrees with Kforce. The amended complaint sufficiently alleges that Whiteman and the other Recruiters are "similarly situated." In fact, the amended complaint discusses the shared job duties for the sixteen job titles that fall within the umbrella of Recruiters. Compare Pickering v. Lorillard Tobacco Co., No. 2:10-CV-633-WKW, 2011 WL 111730, at *2 (M.D. Ala. Jan. 13, 2011) (dismissing FLSA collective claim where there was "no description of the job duties (or even the job titles) of the proposed similarly situated employees" and, aside from the named plaintiff's job

7

title, "no allegations revealing what Plaintiff did when he reported to work"). All Recruiters "identify candidates who may be qualified for open job positions with Kforce's clients." (Doc. # 43 at 5). The Recruiters all allegedly perform this function in a similar way: they search employment databases, assemble a list of prospective employees, and then contact those individuals to check their qualifications and gauge their interest in applying for a position with one of Kforce's clients. (Id. at 5-6). Whiteman specifically alleges that the internal job titles within Kforce made no difference to the job duties of Recruiters: "Recruiters all performed the same job duties." (Id. at 9-11).

Taking these allegations as true at the motion to dismiss stage, Whiteman has sufficiently identified the various job titles of prospective collective members and alleged that he is similarly situated to them. See Longnecker v. Am. Exp. Co., No. 2:14-CV-0069-HRH, 2014 WL 1577522, at *4 (D. Ariz. Apr. 21, 2014) ("In order to have alleged plausible collective action claims it is sufficient that plaintiffs have alleged that they and other employees had similar job duties, namely making phone calls to and receiving phone calls from defendants' clients and vendors. Plaintiffs have adequately alleged that the putative class contains call

8

center employees who field calls for defendants. It is plausible that plaintiffs and other employees in defendants' call centers whose primary job duty was to answer calls were subject to a common plan or policy that violated the FLSA.").

As for overtime damages, Whiteman has sufficiently alleged that he and other Recruiters frequently worked more than forty hours per week "[d]ue to [Kforce's] productivity demands." (Doc. # 43 at 6). He also alleges that Recruiters were all paid salaries and were misclassified as exempt, resulting in them being denied overtime wages. (Id. at 2-3, 12-13). He lists numerous former Recruiters, some of whom have opted-in to this action, who also allege they were misclassified as exempt and were not paid overtime wages despite working overtime. (Id. at 7-9). These allegations plausibly support that Recruiters worked overtime for which they were denied pay by Kforce under a common policy.

Thus, the Motion is denied.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Kforce Inc.'s Motion to Dismiss Plaintiff's First Amended Collective Action Complaint (Doc. # 50) is **DENIED.**

(2) Defendant's answer to the amended complaint is due within fourteen days of this Order.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 27th day of April, 2022.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE