UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

SAM WHITEMAN, on behalf of himself and others similarly situated,

    Plaintiff,

v.

KFORCE INC.,

    Defendant.

CIVIL ACTION NO.:

8:22-CV-00056-VMC-CPT

Collective Action

**JOINT MOTION FOR APPROVAL OF PLAINTIFF BLASCHE AND PLAINTIFF MARSHALL'S ACCEPTANCE OF DEFENDANT'S OFFERS OF JUDGMENT**

Plaintiffs Michael Blasche and Damon Marshall (hereinafter "Plaintiffs") and Defendant Kforce Inc. ("Defendant") (together, the "Parties"), by and through their respective undersigned counsel, hereby file this Joint Motion for Approval of Plaintiff Blasche and Plaintiff Marshall's Acceptance of Defendant's Offers of Judgment Pursuant to Rule 68 of the Federal Rules of Civil Procedure. In support of their joint motion, the Parties state as follows:

### I.  PROCEDURAL HISTORY

The operative complaint in this action is the First Amended Complaint, wherein Plaintiff Sam Whiteman, on behalf of himself and others allegedly similarly situated, seeks, *inter alia*, unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, against Kforce. (Dkt. No. 43).

On February 8, 2022, the Court issued its FLSA Scheduling Order for this matter. (Dkt. No. 23). The purpose of the Scheduling Order is to encourage early settlement, conserve judicial and party resources, and prevent unnecessary litigation while the parties attempt to resolve the action. Accordingly, the Scheduling Order requires the Parties to engage in very limited discovery procedures and mediation before the Case Management Order is entered and the case proceeds to litigation.

On March 18, 2022, Plaintiffs' Counsel filed a Notice of Mediation to take place between the parties on May 3, 2022. (Dkt. No. 44). Thereafter, on May 3, 2022, the Parties participated in Mediation in front of Mediator Mark Hanley, during which the Parties mutually agreed to continue settlement discussions outside of the time of the court-ordered Mediation. (Dkt. No. 62). Five of the plaintiffs who participated in the mediation were subject to a mandatory arbitration agreement. Two of the five plaintiffs who are subject to a mandatory arbitration agreement agreed to accept Offers of Judgement pursuant to Federal Rule of Civil Procedure 68 rather than pursue their individual claims in arbitration.

On May 23, 2022, Kforce served formal Rule 68 Offers of Judgment and on May 25, 2022, Plaintiffs Blasche and Marshall accepted the Offers.[1] Plaintiff

---

[1] On May 3, 2022, Defendant emailed Plaintiffs' Counsel the settlement offers for each plaintiff. On May 6, 2022, Plaintiffs Blasche and Plaintiff Marshall notified Defendant in writing that they would accept the offers if Defendant also paid their costs. Defendant agreed. Thereafter, the

Blasche accepted his offer in the gross amount of $1,419.48, broken down as follows: $406 constitutes reimbursement for Plaintiff Blasche's costs, and of the remaining $1,013.48, one-third, or $337.83, is paid for attorneys' fees and $675.65 in taxable wages. (Dkt. No. 81). Plaintiff Marshall accepted his offer in the gross amount of $4,291.82, broken down as follows: $406 constitutes reimbursement for Plaintiff Marshall's costs and of the remaining $3,885.82, one-third, or $1,295.27, is paid for attorneys' fees, and $2,590.55 in taxable wages. (Dkt. No. 82).

## II. ARGUMENT

### A. THE OFFERS OF JUDGMENT ARE FAIR AND REASONABLE

To approve a settlement of an overtime claim proposed by an employer and an employee, a court must determine if the settlement is a "fair and reasonable compromise of disputed claims and issues arising from a bona fide dispute raised pursuant to the FLSA." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). If a settlement in an employee FLSA suit reflects a "reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

---

Parties notified the Court of Plaintiffs' acceptance (Dkt. No. 65) and are now requesting approval of these Offers of Judgment.

3

Even though the Parties here did not enter into formal settlement agreements, the Court, nonetheless, has an independent duty to review the terms of proposed Rule 68 Offer of Judgment in the context of FLSA claims. *Christopher v. Residential Realty Servs. Corp.*, No. 19-CV-61240, 2019 WL 11506012, at *2 (S.D. Fla. Dec. 10, 2019), *report and recommendation adopted*, No. 19-61240-CIV, 2020 WL 7491558 (S.D. Fla. Apr. 6, 2020); see also *Doherty v. Good Shepherd Day Sch., Inc.,* No. 2:18-CV-638-FtM-UA-UAM, 2019 WL 2177857, at *2 (M.D. Fla. May 3, 2019) (confirming that courts must determine whether the Rule 68 offer of judgment is a fair and reasonable resolution of a bona fide dispute of the claims raised pursuant to *Lynn's Food*). There is a strong presumption that a mutual agreement to resolve the case is fair. *See Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1994) (noting that the Eleventh Circuit Court of Appeals "favor[s] and encourage[s] settlements in order to conserve judicial resources.").

Throughout this litigation, Defendant has taken the position that the administrative exemption under the FLSA, the most critical issue governing liability in this action, applied to those employees classified as recruiters. Plaintiffs strongly disagree. And, overall, the Parties have maintained diametrically opposing positions on each material litigation issue. Plaintiff Blasche and Plaintiff Marshall's acceptance of Defendant's Offers therefore resolves bona fide disputes over potential liability and available damages. Plaintiffs Blasche and Marshall

have weighed the pros and cons of filing individual demands with the American Arbitration Association, and they have decided to accept Defendant's Offers of Judgment. This compromise is a fair and reasonable resolution of Plaintiffs' claims.

As such, the Parties request that the Court approve these Offers as they are fair and reasonable compromises of the Parties' claims.

### B. THE ATTORNEYS' FEES AND COSTS ARE REASONABLE

The FLSA requires that the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorneys' fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

Here, the Parties specifically agreed upon the amount to be paid to Plaintiffs for all fees and costs associated with the Plaintiffs' claims. Defendant will pay $337.83 for Plaintiff Blasche's attorneys' fees, representing one-third of his recovery exclusive of the $406.00 Defendant will pay in costs. Defendant will pay $1,295.27 for Plaintiff Marshall's attorneys' fees, representing one-third of his recovery exclusive of the $406.00 Defendant will pay in costs. The Parties agree as to the reasonableness of these numbers and ask that the Court approve.

### III. CONCLUSION

For the reasons set forth above and for good cause shown, the Parties respectfully requests this Court approve the Plaintiffs' acceptance of Defendant's

Offers of Judgment, and enter Judgment in favor of Plaintiff Blasche and Plaintiff Marshall.

Respectfully submitted this 26th day of May, 2022.

| | |
|---|---|
| By: */s/ Maureen A Salas* <br> Ben K Schott <br> bschott@flsalaw.com <br> Maureen A. Salas <br> msalas@flsalaw.com <br> Michael Tresnowski <br> mtresnowski@flsalaw.com <br> **Weman Salas P.C.** <br> 77 W. Washington Street, Suite 1402 <br> Chicago, Illinois 60602 <br> Phone: (312) 419-1008 <br> Fax: (312) 419-1025 <br><br> Benjamin L. Davis, III <br> bdavis@nicholllaw.com <br> Kelly A. Burgy <br> kaburgy@nicholllaw.com <br> **The Law Offices of Peter T. Nicholl** <br> 36 S. Charles Street, Suite 1700 <br> Baltimore, Maryland 21201 <br> Phone: (410) 244-7005 <br> Fax: (410) 244-8454 <br><br> *Attorneys for Plaintiffs.* | By: */s/ Erin G. Jackson* <br> Christian Rowley, Lead Counsel <br> Justin T. Curley <br> **Seyfarth Shaw LLP** <br> 560 Mission Street, Suite 3100 <br> San Francisco, California 94105 <br> Phone: (415) 544-1001 <br> Email: jcurley@seyfarth.com <br> crowley@seyfarth.com <br><br> Erin G. Jackson <br> Florida Bar No.: 413097 <br> Ashley Tinsley Gallagher <br> Florida Bar No.: 125141 <br> **JOHNSON JACKSON PLLC** <br> 100 N. Tampa St., Suite 2310 <br> Tampa, Florida 33602 <br> Phone: (813) 580-8400 <br> Fax: (813) 580-8407 <br> Email: ejackson@johnsonjackson.com <br> agallagher@johnsonjackson.com <br><br> Stephanie Delatorre <br> **Seyfarth Shaw LLP** <br> 1075 Peachtree Street, NE <br> Suite 2500 <br> Atlanta, GA 30309 <br> Phone: (404) 885-1500 <br> Email: sdelatorre@seyfarth.com <br><br> Gina Merrill <br> **King & Spalding, LLP** <br> 1185 Avenue of the Americas <br> 34th Floor |

New York, NY 10036  
Phone: (212) 790-5367  
Email: gmerrill@kslaw.com

*Attorneys for Defendant Kforce Inc.*

## **CERTIFICATE OF SERVICE**

I have this day filed this Joint Motion for FLSA Approval of the Offers of Judgment with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following:

| | |
|---|---|
| Maureen Ann Salas | Benjamin L. Davis, III |
| Ben K. Schott | Kelly A. Burgy |
| Michael Tresnowski | THE LAW OFFICES OF PETER T. |
| WERMAN SALAS PC | NICHOLL |
| 77 W. Washington St., Suite 1400 | 36 S. Charles Street, Suite 1700 |
| Chicago, IL 60602 | Baltimore, MD 21201 |

*/s/ Erin G. Jackson*  
*Attorney for Defendant Kforce Inc.*