# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

SAM WHITEMAN, on behalf of himself and others similarly situated,

    Plaintiff,

v.

KFORCE INC.,

    Defendant.

CIVIL ACTION NO.:

8:22-CV-00056-VMC-CPT

Collective Action

## JOINT MOTION FOR APPROVAL OF PLAINTIFFS CARMONA, GREEN, OLSON, AND ORTEGA'S ACCEPTANCE OF DEFENDANT'S OFFERS OF JUDGMENT

Plaintiffs Marisa Carmona, Josh Green, Maxwell Olson, and Bernardo Ortega (hereinafter "Plaintiffs") and Defendant Kforce Inc. ("Defendant") (together, the "Parties"), by and through their respective undersigned counsel, hereby file this Joint Motion for Approval of Plaintiff Carmona, Plaintiff Green, Plaintiff Olson, and Plaintiff Ortega's Acceptance of Defendant's Offers of Judgment Pursuant to Rule 68 of the Federal Rules of Civil Procedure. In support of their joint motion, the Parties state as follows:

### I. PROCEDURAL HISTORY

The operative complaint in this action is the First Amended Complaint, wherein Plaintiff Sam Whiteman, on behalf of himself and others allegedly

similarly situated, seeks, *inter alia*, unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, against Kforce. (Dkt. No. 43).

On February 8, 2022, the Court issued its FLSA Scheduling Order for this matter. (Dkt. No. 23). The purpose of the Scheduling Order is to encourage early settlement, conserve judicial and party resources, and prevent unnecessary litigation while the parties attempt to resolve the action. Accordingly, the Scheduling Order requires the Parties to engage in very limited discovery procedures and mediation before the Case Management Order is entered and the case proceeds to litigation.

On March 18, 2022, Plaintiffs' Counsel filed a Notice of Mediation to take place between the parties on May 3, 2022. (Dkt. No. 44). Thereafter, on May 3, 2022, the Parties participated in Mediation in front of Mediator Mark Hanley, during which the Parties mutually agreed to continue settlement discussions outside of the time of the court-ordered Mediation. (Dkt. No. 62). Five of the plaintiffs who participated in the mediation were subject to a mandatory arbitration agreement. Two of the five plaintiffs who are subject to a mandatory arbitration agreement agreed to accept Offers of Judgement pursuant to Federal Rule of Civil Procedure 68 rather than pursue their individual claims in arbitration.

On May 23, 2022, Kforce served formal Rule 68 Offers of Judgment on Plaintiffs Blasche and Marshall. Plaintiffs Blasche and Marshall subsequently accepted the Offers.

Plaintiff Blasche accepted his offer in the gross amount of $1,419.48, broken down as follows: $743.83 constitutes attorneys' fees and costs and $675.65 in taxable wages. (Dkt. No. 81). Plaintiff Marshall accepted his offer in the gross amount of $4,291.82, broken down as follows: $1,701.27 constitutes attorneys' fees and costs and $2,590.55 in taxable wages. (Dkt. No. 82).

On May 26, 2022, the Parties filed a Joint Motion for Approval. On June 3, 2022, the Court approved the settlement for Plaintiff Blasche and Plaintiff Marshall. (Dkt. No. 86).

Thereafter, the Parties continued their settlement discussions, and on September 7, 2022, Kforce served Rule 68 Offers of Judgment on Plaintiffs Carmona, Green, Olson, and Ortega. Plaintiffs Carmona, Green and Ortega are subject to a mandatory arbitration agreement, and they elected to accept Offers of Judgment pursuant to Federal Rule of Civil Procedure 68 rather than pursue their individual claims in arbitration. Plaintiff Olson elected to accept an Offer of Judgment pursuant to Federal Rule of Civil Procedure 68 rather than remain a plaintiff in the action.

Plaintiff Carmona accepted her offer in the gross amount of $5,080.00, broken down as follows: $1,750.00 constitutes attorneys' fees and costs, and $3,330.00 in taxable wages. (Dkt. No. 106).

Plaintiff Green accepted his offer in the gross amount of $19,000.00, broken down as follows: $6,332.00 constitutes attorneys' fees and costs, and $12,668.00 in taxable wages. (Dkt. No. 105).

Plaintiff Olson accepted his offer in the gross amount of $9,710.00, broken down as follows: $3,642.67 constitutes attorneys' fees and costs, and $6,067.33 in taxable wages. (Dkt. No. 104).

Plaintiff Ortega accepted his offer in the gross amount of $2,055.00, broken down as follows: $685.00 constitutes attorneys' fees and costs, and $1,370.00 in taxable wages. (Dkt. No. 103).

## II.  ARGUMENT

### A.  THE OFFERS OF JUDGMENT ARE FAIR AND REASONABLE

To approve a settlement of an overtime claim proposed by an employer and an employee, a court must determine if the settlement is a "fair and reasonable compromise of disputed claims and issues arising from a bona fide dispute raised pursuant to the FLSA." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). If a settlement in an employee FLSA suit reflects a "reasonable compromise over issues," such as FLSA coverage or

computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

Even though the Parties here did not enter into formal settlement agreements, the Court, nonetheless, has an independent duty to review the terms of proposed Rule 68 Offer of Judgment in the context of FLSA claims. *Christopher v. Residential Realty Servs. Corp.*, No. 19-CV-61240, 2019 WL 11506012, at *2 (S.D. Fla. Dec. 10, 2019), *report and recommendation adopted*, No. 19-61240-CIV, 2020 WL 7491558 (S.D. Fla. Apr. 6, 2020); *see also Doherty v. Good Shepherd Day Sch., Inc.*, No. 2:18-CV-638-FtM-UA-UAM, 2019 WL 2177857, at *2 (M.D. Fla. May 3, 2019) (confirming that courts must determine whether the Rule 68 offer of judgment is a fair and reasonable resolution of a bona fide dispute of the claims raised pursuant to *Lynn's Food*). There is a strong presumption that a mutual agreement to resolve the case is fair. *See Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1994) (noting that the Eleventh Circuit Court of Appeals "favor[s] and encourage[s] settlements in order to conserve judicial resources.").

Throughout this litigation, Defendant has taken the position that the administrative exemption under the FLSA, the most critical issue governing liability in this action, applied to those employees classified as recruiters. Plaintiffs strongly disagree. And, overall, the Parties have maintained diametrically

opposing positions on each material litigation issue. Plaintiff Carmona, Green, Olson, and Ortega's acceptance of Defendant's Offers therefore resolve bona fide disputes over potential liability and available damages. Plaintiffs Carmona, Green, and Ortega have weighed the pros and cons of filing individual demands with the American Arbitration Association, and they have decided to accept Defendant's Offers of Judgment. Plaintiff Olson weighed the pros and cons of remaining a plaintiff in the action, and he decided to accept Defendant's Offers of Judgment. This compromise is a fair and reasonable resolution of Plaintiffs' claims.

As such, the Parties request that the Court approve these Offers as they are fair and reasonable compromises of the Parties' claims.

### B. THE ATTORNEYS' FEES AND COSTS ARE REASONABLE

The FLSA requires that the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorneys' fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

Here, the Parties specifically agreed upon the amount to be paid to Plaintiffs for all fees and costs associated with the Plaintiffs' claims. Defendant will pay the following attorneys' fees and costs:

- $1,750.00 for Plaintiff Carmona's attorneys' fees, representing one-third of her recovery;

- $6,332.00 for Plaintiff Green's attorneys' fees, representing one-third of his recovery;

- $3,236.67 for Plaintiff Olson's attorneys' fees, representing one-third of his recovery plus $406 in costs, which is largely attributable to the costs incurred at the May 3rd mediation; and

- $685.00 for Plaintiff Ortega's attorneys' fees, representing one-third of his recovery.

The Parties agree as to the reasonableness of these numbers and ask that the Court approve.

### III. CONCLUSION

For the reasons set forth above and for good cause shown, the Parties respectfully request this Court approve the Plaintiffs' acceptance of Defendant's Offers of Judgment, and enter Judgment in favor of Plaintiff Carmona, Plaintiff Green, Plaintiff Olson, and Plaintiff Ortega.

Respectfully submitted this 16th day of September 2022.

By: */s/ Maureen A Salas*  
Ben K Schott  
bschott@flsalaw.com  
Maureen A. Salas  
msalas@flsalaw.com  
Michael Tresnowski  
mtresnowski@flsalaw.com  
**Werman Salas P.C.**  
77 W. Washington St., Ste 1402  
Chicago, IL 60602  

By: */s/ Erin G. Jackson* (with Consent)  
Christian Rowley, Lead Counsel  
Justin T. Curley  
**Seyfarth Shaw LLP**  
560 Mission Street, Suite 3100  
San Francisco, California 94105  
Phone: (415) 544-1001  
Email: jcurley@seyfarth.com  
crowley@seyfarth.com  

7

| | |
|---|---|
| Phone: (312) 419-1008 | Erin G. Jackson |
| Fax: (312) 419-1025 | Florida Bar No.: 413097 |
| | Ashley Tinsley Gallagher |
| | Florida Bar No.: 125141 |
| *Attorneys for Plaintiffs*. | **JOHNSON JACKSON PLLC** |

100 N. Tampa St., Suite 2310
Tampa, Florida 33602
Phone: (813) 580-8400
Fax: (813) 580-8407
Email: ejackson@johnsonjackson.com
agallagher@johnsonjackson.com

Stephanie Delatorre
**Seyfarth Shaw LLP**
1075 Peachtree Street, NE
Suite 2500
Atlanta, GA 30309
Phone: (404) 885-1500
Email: sdelatorre@seyfarth.com

Gina Merrill
**King & Spalding, LLP**
1185 Avenue of the Americas
34th Floor
New York, NY 10036
Phone: (212) 790-5367
Email: gmerrill@kslaw.com

*Attorneys for Defendant Kforce Inc.*

## CERTIFICATE OF SERVICE

I have this day filed this Joint Motion for FLSA Approval of the Offers of Judgment with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following:

| | |
|---|---|
| Christian Rowley<br>Justin T. Curley<br>**SEYFARTH SHAW LLP**<br>560 Mission Street, Suite 3100<br>San Francisco, CA 94105<br>Email: jcurley@seyfarth.com<br>crowley@seyfarth.com | Erin G. Jackson<br>Ashley Tinsley Gallagher<br>**JOHNSON JACKSON PLLC**<br>100 N. Tampa St., Suite 2310<br>Tampa, FL 33602<br>Email: ejackson@johnsonjackson.com<br>agallagher@johnsonjackson.com |
| Gina Merrill<br>**KING & SPALDING, LLP**<br>1185 Avenue of the Americas<br>34th Floor<br>New York, NY 10036<br>Email: gmerrill@kslaw.com | Stephanie Delatorre<br>**SEYFARTH SHAW LLP**<br>1075 Peachtree Street, NE<br>Suite 2500<br>Atlanta, GA 30309<br>Email: sdelatorre@seyfarth.com |

*/s/ Maureen A. Salas*
**Attorney for Plaintiffs**