UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAM WHITEMAN, on behalf of
himself and others similarly
situated,

    Plaintiff,

v.                                   Case No. 8:22-cv-56-VMC-CPT

KFORCE INC.,

    Defendant.
_____/

**ORDER**

This matter is before the Court pursuant to the Joint Motion for Approval of Plaintiffs Carmona, Green, Olson, and Ortega's Acceptance of Offers of Judgment (Doc. # 110), filed on September 16, 2022. The Court grants the Motion.

**I.**  **Background**

Plaintiff Sam Whiteman filed this action against his former employer Kforce Inc. on January 6, 2022. (Doc. # 1). He filed an amended complaint on March 18, 2022, alleging violation of the overtime provisions of the Fair Labor Standards Act (FLSA) on behalf of a collective. (Doc. # 43).

After the Court issued its fast-track Scheduling Order (Doc. # 23), the parties mediated in May 2022. (Doc. # 65). At mediation, opt-in Plantiffs Blasche and Marshall accepted

1

Kforce's Offers of Judgment. (Id.; Doc. # 81; Doc. # 82). The Court then approved the Offers of Judgment as to Blasche and Marshall. (Doc. # 86).

Now, four more opt-in Plaintiffs — Bernardo Ortega, Maxwell Olson, Josh Green, and Marisa Carmona — have accepted Kforce's Offers of Judgment. (Doc. ## 103-106). At the Court's direction, the parties now seek approval of the settlement as to these four opt-in Plaintiffs. (Doc. # 110).

II. **Analysis**

Plaintiffs allege that Kforce violated the overtime provisions of the FLSA. Accordingly, any settlement of this claim reached between the parties is subject to judicial scrutiny. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982); see also Christopher v. Residential Realty Servs. Corp., No. 19-CV-61240, 2019 WL 11506012, at *2 (S.D. Fla. Dec. 10, 2019), report and recommendation adopted, No. 19-61240-CIV, 2020 WL 7491558 (S.D. Fla. Apr. 6, 2020) ("[T]he Court has an independent duty to review the terms of the proposed Rule 68 offer of judgment in the context of the FLSA claims.").

Pursuant to the Offers of Judgment, the relevant parties have reached a settlement wherein it is agreed that: Carmona will receive $3,330.00 in taxable wages; Green will receive

2

$12,668.00 in taxable wages; Olson will receive $6,067.33 in taxable wages; and Ortega will receive $1,370.00 in taxable wages. (Doc. # 110 at 4). It has also been agreed that Plaintiff's counsel will receive $1,750.00 in fees as to Carmona, $6,332.00 in fees as to Green, $3,642.67 in fees and costs as to Olson, and $685.00 in fees as to Ortega, which represent one-third of Plaintiffs' recovery. (Id. at 6-7).

Additionally, the parties explain that the issues in this case are still in dispute, but they have reached a settlement to avoid the risks and costs of protracted litigation. (Id. at 5-6). Furthermore, if Carmona, Green, and Ortega had not accepted the Offers of Judgment, they would have had to file individual demands with the American Arbitration Association as they are "subject to a mandatory arbitration agreement." (Id. at 3).

Pursuant to Bonetti v. Embarq Management Company, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), and other governing law, the Court approves the compromise reached by the parties in an effort to amicably settle this case.[1] The settlement is

---

[1] In Bonetti, the court explained: "if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes a full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching

fair on its face and represents a reasonable compromise of the parties' dispute.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED** that:

(1) The Joint Motion for Approval of Plaintiffs Carmona, Green, Olson, and Ortega's Acceptance of Offers of Judgment (Doc. # 110) is **GRANTED.**

(2) The parties' settlement is approved. This case is **DISMISSED WITH PREJUDICE** as to Plaintiffs Carmona, Green, Olson, and Ortega only.

(3) The Clerk is directed to enter judgment in favor of these Plaintiffs as set out in the Notices of Acceptance of Offers of Judgment. (Doc. ## 103, 104, 105, 106).

---

same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." 715 F. Supp. 2d at 1228.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 16th day of September, 2022.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE