# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| SAM WHITEMAN, on behalf of himself and others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>KFORCE INC.,<br><br>    Defendant. | CIVIL ACTION NO.:<br><br>8:22-CV-00056-VMC-CPT<br><br>Collective Action |

## JOINT MOTION FOR APPROVAL OF PLAINTIFF ALEXANDER LOMAGLIO'S ACCEPTANCE OF DEFENDANT'S OFFER OF JUDGMENT

Plaintiff Alexander Lomaglio ("Plaintiff") and Defendant Kforce Inc. ("Defendant") (together, the "Parties"), by and through their respective undersigned counsel, hereby file this Joint Motion for Approval of Plaintiff Lomaglio's Acceptance of Defendant's Offer of Judgment Pursuant to Rule 68 of the Federal Rules of Civil Procedure. In support of their joint motion, the Parties state as follows:

### I.  PROCEDURAL HISTORY

The operative complaint in this action is the First Amended Complaint, wherein Plaintiff Sam Whiteman, on behalf of himself and others allegedly similarly situated, seeks, *inter alia*, unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, against Kforce. (Dkt. No. 43).

On February 8, 2022, the Court issued its FLSA Scheduling Order for this matter. (Dkt. No. 23). The purpose of the Scheduling Order is to encourage early settlement, conserve judicial and party resources, and prevent unnecessary litigation while the parties attempt to resolve the action. Accordingly, the Scheduling Order requires the Parties to engage in very limited discovery procedures and mediation before the Case Management Order is entered and the case proceeds to litigation.

On March 18, 2022, Plaintiff's Counsel filed a Notice of Mediation to take place between the parties on May 3, 2022. (Dkt. No. 44). Thereafter, on May 3, 2022, the Parties participated in Mediation in front of Mediator Mark Hanley, during which the Parties mutually agreed to continue settlement discussions outside of the time of the court-ordered Mediation. (Dkt. No. 62). Five of the plaintiffs who participated in the mediation were subject to a mandatory arbitration agreement. Two of the five plaintiffs who are subject to a mandatory arbitration agreement agreed to accept Offers of Judgement pursuant to Federal Rule of Civil Procedure 68 rather than pursue their individual claims in arbitration.

On May 23, 2022, Kforce served formal Rule 68 Offers of Judgment on Plaintiffs Blasche and Marshall. Plaintiffs Blasche and Marshall subsequently accepted the Offers.

Plaintiff Blasche accepted his offer in the gross amount of $1,419.48, broken down as follows: $743.83 constitutes attorneys' fees and costs and $675.65 in taxable wages. (Dkt. No. 81). Plaintiff Marshall accepted his offer in the gross amount of $4,291.82, broken down as follows: $1,701.27 constitutes attorneys' fees and costs and $2,590.55 in taxable wages. (Dkt. No. 82).

On May 26, 2022, the Parties filed a Joint Motion for Approval. (Dkt. No. 84). On June 3, 2022, the Court approved the settlement for Plaintiff Blasche and Plaintiff Marshall. (Dkt. No. 86).

Thereafter, the Parties continued their settlement discussions, and on September 7, 2022, Kforce served Rule 68 Offers of Judgment on Plaintiffs Carmona, Green, Olson, and Ortega. Plaintiffs Carmona, Green and Ortega are subject to a mandatory arbitration agreement, and they elected to accept Offers of Judgment pursuant to Federal Rule of Civil Procedure 68 rather than pursue their individual claims in arbitration. Plaintiff Olson elected to accept an Offer of Judgment pursuant to Federal Rule of Civil Procedure 68 rather than remain a plaintiff in the action.

Plaintiff Carmona accepted her offer in the gross amount of $5,080.00, broken down as follows: $1,750.00 constitutes attorneys' fees and costs, and $3,330.00 in taxable wages. (Dkt. No. 106).

Plaintiff Green accepted his offer in the gross amount of $19,000.00, broken down as follows: $6,332.00 constitutes attorneys' fees and costs, and $12,668.00 in taxable wages. (Dkt. No. 105).

Plaintiff Olson accepted his offer in the gross amount of $9,710.00, broken down as follows: $3,642.67 constitutes attorneys' fees and costs, and $6,067.33 in taxable wages. (Dkt. No. 104).

Plaintiff Ortega accepted his offer in the gross amount of $2,055.00, broken down as follows: $685.00 constitutes attorneys' fees and costs, and $1,370.00 in taxable wages. (Dkt. No. 103).

On September 16, 2022, the Parties again filed a Joint Motion for Approval. (Dkt. No. 110). On September 19, 2022, the Court approved the settlement for Plaintiffs Carmona, Green, Olson, and Ortega. (Dkt. No. 111).

Subsequently, the Parties continued their settlement discussions, and on October 14, 2022, Kforce served a Rule 68 Offer of Judgment on Plaintiff Lomaglio.

Plaintiff Lomaglio accepted his offer in the gross amount of $16,100.00, broken down as follows: $5,772.67 constitutes attorneys' fees and costs, and $10,327.33 in taxable wages. (Dkt. No. 123).

## II.     ARGUMENT

### A.     THE OFFER OF JUDGMENT IS FAIR AND REASONABLE

To approve a settlement of an overtime claim proposed by an employer and an employee, a court must determine if the settlement is a "fair and reasonable compromise of disputed claims and issues arising from a bona fide dispute raised pursuant to the FLSA." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). If a settlement in an employee FLSA suit reflects a "reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

Even though the Parties here did not enter into formal settlement agreements, the Court, nonetheless, has an independent duty to review the terms of proposed Rule 68 Offer of Judgment in the context of FLSA claims. *Christopher v. Residential Realty Servs. Corp.*, No. 19-CV-61240, 2019 WL 11506012, at *2 (S.D. Fla. Dec. 10, 2019), *report and recommendation adopted*, No. 19-61240-CIV, 2020 WL 7491558 (S.D. Fla. Apr. 6, 2020); *see also Doherty v. Good Shepherd Day Sch., Inc.*, No. 2:18-CV-638-FtM-UA-UAM, 2019 WL 2177857, at *2 (M.D. Fla. May 3, 2019) (confirming that courts must determine whether the Rule 68 offer of judgment is a fair and reasonable resolution of a bona fide dispute of the claims raised

5

pursuant to *Lynn's Food*). There is a strong presumption that a mutual agreement to resolve the case is fair. *See Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1994) (noting that the Eleventh Circuit Court of Appeals "favor[s] and encourage[s] settlements in order to conserve judicial resources.").

Throughout this litigation, Defendant has taken the position that the administrative exemption under the FLSA, the most critical issue governing liability in this action, applied to those employees classified as recruiters. Plaintiff strongly disagrees. And, overall, the Parties have maintained diametrically opposing positions on each material litigation issue. Plaintiff Lomaglio's acceptance of Defendant's Offer therefore resolves bona fide disputes over potential liability and available damages. Plaintiff Lomaglio has weighed the pros and cons of remaining a plaintiff in the Action, and he has decided to accept Defendant's Offer of Judgment. This compromise is a fair and reasonable resolution of Plaintiff's claims.

As such, the Parties request that the Court approve this Offer as it is a fair and reasonable compromise of the Parties' disputes.

### B. THE ATTORNEYS' FEES AND COSTS ARE REASONABLE

The FLSA requires that the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorneys' fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

Here, the Parties specifically agreed upon the amount to be paid to Plaintiff for all fees and costs associated with Plaintiff's claims. Defendant will pay the following attorneys' fees and costs:

- $5,366.67 for Plaintiff Lomaglio's attorneys' fees, representing one-third of his recovery; and

- $406.00 for Plaintiff Lomaglio's costs associated with filing this suit.

The Parties agree as to the reasonableness of these numbers and ask that the Court approve.

### III.   CONCLUSION

For the reasons set forth above and for good cause shown, the Parties respectfully request this Court approve Plaintiff Lomaglio's acceptance of Defendant's Offer of Judgment, and enter Judgment in favor of Plaintiff Lomaglio.

Respectfully submitted this 24th day of October, 2022.

| | |
|---|---|
| By: */s/ Maureen A Salas*<br>Maureen A. Salas<br>msalas@flsalaw.com<br>Michael Tresnowski<br>mtresnowski@flsalaw.com<br>**Werman Salas P.C.**<br>77 W. Washington Street, Suite 1402<br>Chicago, Illinois 60602<br>Phone: (312) 419-1008<br>Fax: (312) 419-1025<br><br>*Attorneys for Plaintiffs* | By: */s/ Erin G. Jackson*<br>Christian Rowley, Lead Counsel<br>Justin T. Curley<br>**Seyfarth Shaw LLP**<br>560 Mission Street, Suite 3100<br>San Francisco, California 94105<br>Phone: (415) 544-1001<br>Email: jcurley@seyfarth.com<br>crowley@seyfarth.com<br><br>Erin G. Jackson<br>Florida Bar No.: 413097<br>Ashley Tinsley Gallagher<br>Florida Bar No.: 125141 |

>JOHNSON JACKSON PLLC
>100 N. Tampa St., Suite 2310
>Tampa, Florida 33602
>Phone: (813) 580-8400
>Fax: (813) 580-8407
>Email: ejackson@johnsonjackson.com
>agallagher@johnsonjackson.com
>
>Stephanie Delatorre
>**Seyfarth Shaw LLP**
>1075 Peachtree Street, NE
>Suite 2500
>Atlanta, GA 30309
>Phone: (404) 885-1500
>Email: sdelatorre@seyfarth.com
>
>Gina Merrill
>**King & Spalding, LLP**
>1185 Avenue of the Americas
>34th Floor
>New York, NY 10036
>Phone: (212) 790-5367
>Email: gmerrill@kslaw.com
>
>*Attorneys for Defendant Kforce Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of October, 2022, a true and correct copy of the foregoing Joint Motion for FLSA Approval of the Offer of Judgment was filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following:

Maureen Ann Salas
Michael Tresnowski
WERMAN SALAS PC
77 W. Washington St., Suite 1400
Chicago, IL 60602

*/s/ Erin G. Jackson*
*Attorney for Defendant Kforce Inc.*