# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

SAM WHITEMAN, on behalf of himself and others similarly situated,

    Plaintiff,

v.

KFORCE INC.,

    Defendant.

CIVIL ACTION NO.:

8:22-CV-00056-VMC-CPT

Collective Action

## JOINT MOTION FOR APPROVAL OF FLSA SETTLMENT, DISMISSAL OF CLAIMS WITH PREJUDICE, AND FOR RETENTION OF JURISDICTION FOR A LIMITED 60 DAY PERIOD

Plaintiffs Sam Whiteman, Rachael Trimboli, Ashley Ford, Dweepkumar Shah, Jolene Holthaus, Jacalyn Guitard, Brian Lonergan, Gena Narcisco, and Trinh Tran ("Plaintiffs") and Defendant Kforce Inc. ("Defendant") (together, the "Parties"), by and through their respective undersigned counsel, hereby file this Joint Motion for Approval of FLSA Settlement, Dismissal of Claims with Prejudice, and For Retention of Jurisdiction for a Limited 60 Day Period. The Parties request that the Court approve the Settlement, Dismiss Plaintiffs' claims with Prejudice, and Retain Jurisdiction of this matter for a limited 60 day period to allow the Parties time to coordinate the dismissal of the arbitration matters and delivery of

the Settlement Payment to the nine Plaintiffs. In support of their joint motion, the Parties state as follows:

## I. PROCEDURAL HISTORY

### A. History of Settlement Negotiations

The operative complaint in this action is the First Amended Complaint, wherein Plaintiff Sam Whiteman, on behalf of himself and others allegedly similarly situated, seeks, *inter alia*, unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, against Kforce. (Dkt. No. 43). Plaintiff Whiteman alleges that he and other recruiters were misclassified by Defendant as exempt from the FLSA and are owed overtime compensation. The Parties dispute whether Plaintiffs were misclassified as exempt and also dispute the number of hours Plaintiffs worked each week. Exhibit B, Declaration of Maureen A. Salas ¶ 2 (hereafter "Ex. B, Salas Decl. ¶_").

### B. History of Settlement Negotiations

On February 8, 2022, the Court issued its FLSA Scheduling Order for this matter. (Dkt. No. 23). The purpose of the Scheduling Order is to encourage early settlement, conserve judicial and party resources, and prevent unnecessary litigation while the Parties attempt to resolve the action. Accordingly, the Scheduling Order required the Parties to engage in limited discovery procedures

and mediation before the Case Management Order was entered and the case proceeded to litigation.

On March 18, 2022, Plaintiffs' Counsel filed a Notice of Mediation to take place between the Parties on May 3, 2022. (Dkt. No. 44). Thereafter, on May 3, 2022, the Parties participated in Mediation in front of Mediator Mark Hanley, during which the Parties mutually agreed to continue settlement discussions outside of the time of the court-ordered Mediation. (Dkt. No. 62). Five of the plaintiffs who participated in the mediation were subject to a mandatory arbitration agreement. Ex. B, Salas Decl. ¶ 8. Two of the five plaintiffs who were subject to a mandatory arbitration agreement agreed to accept Offers of Judgment pursuant to Federal Rule of Civil Procedure 68 rather than pursue their individual claims in arbitration. *Id.* The Court approved these settlements on June 3, 2022. (Dkt. No. 86). The remaining Plaintiffs who participated in the mediation did not agree to accept Defendant's settlement offers, and the litigation continued. Ex. B, Salas Decl. ¶ 9.

Defendant moved to compel the claims of the other three plaintiffs who were Parties to an arbitration agreement, and the Court stayed their claims. (Dkt. No. 77). These three plaintiffs – Gena Narcisco, Brian Lonergan, and Trinh Tran – each filed an individual demand for arbitration with the American Arbitration Association ("AAA") on May 26, 2022. Ex. B, Salas Decl. ¶ 13.

Following the mediation, seven additional plaintiffs joined the lawsuit by filing consent forms. Ex. B, Salas Decl. ¶ 15. Three of those seven additional plaintiffs – Plaintiffs Carmona, Green, and Ortega – were subject to mandatory arbitration agreements, and they agreed to accept Offers of Judgment pursuant to Federal Rule of Civil Procedure 68 rather than pursue their individual claims in arbitration. *Id.* One additional plaintiff – Olson – agreed to accept a Rule 68 Offer of Judgment. *Id.* The Court approved the settlements of these four Plaintiffs' claims on September 19, 2022. (Dkt. No. 111).

Subsequently, Kforce served a Rule 68 Offer of Judgment on Plaintiff Lomaglio, and he accepted the offer. Ex. B, Salas Decl. ¶ 16. The Court approved this settlement on October 25, 2022. (Dkt. No. 127).

The Parties continued to discuss settlement for the nine Plaintiffs who remained in the action, including the three plaintiffs whose claims were stayed pending arbitration. Ex. B, Salas Decl. ¶ 18. The Parties reached a settlement of all the remaining claims on December 30, 2022. Ex. B, Salas Decl. ¶ 20. The Parties' Agreement is attached hereto as Exhibit A.

      C.    **The Parties Have Sufficient Information to Assess the Fairness of the Settlement**

The Parties have substantial information to evaluate the fairness and reasonableness of the Settlement. Ex. B, Salas Decl. ¶ 21. The Parties answered

4

interrogatories and produced documents in compliance with the Court's FLSA Scheduling Order. *Id.* The Parties participated in a mediation with Mark Hanley on May 3, 2022, and although the Parties did not fully resolve the claims in the action, the mediation provided the Parties with information helpful to evaluate the strengths and weaknesses of their claims and defenses. *Id.*

In addition to the Court ordered discovery requests, Plaintiffs Whiteman, Trimboli, Ford, Shah, Holthaus, Guitard and Defendant Kforce Inc. propounded and responded to discovery requests the Parties served on each other in this action. Ex. B, Salas Decl. ¶22. Plaintiffs Narcisco, Lonergan, and Tran responded to the Initial Discovery Disclosures required by AAA in their arbitration proceedings, and Plaintiff Tran and Kforce answered the written discovery requests they propounded on each other in Ms. Tran's arbitration. *Id.*

The Parties conferred extensively over Defendant's responses to Plaintiffs' discovery requests, and Plaintiffs filed a motion to compel on December 21, 2022. (Dkt. 133). Had this matter not settled, there would have been further briefing and motion practice relating to the discovery issues between the parties. Ex. B, Salas Decl. ¶23. Additionally, Defendant would have sought to take the depositions of all nine Plaintiffs, and Plaintiffs would have sought to take the depositions of a number of managerial employees employed by Defendant. *Id.*

The Parties' Agreement reflects a true compromise of Plaintiffs' claims. The Parties engaged in vigorous arms-length negotiations over a period of nine (9) months to reach this Settlement. Ex. B, Salas Decl. ¶24. The Parties adequately appreciated the merits of the case before negotiating, and were able to make well-reasoned judgments about the merits of the case before executing the Settlement Agreement. These conditions strongly favor approval of the Settlement.

## II.    ARGUMENT

### A.    THE SETTLEMENT IS A FAIR AND REASONABLE RESOLUTION OF A BONA FIDE DISPUTE

To approve a settlement of an overtime claim proposed by an employer and an employee, a court must determine if the settlement is a "fair and reasonable compromise of disputed claims and issues arising from a bona fide dispute raised pursuant to the FLSA." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). If a settlement in an employee FLSA suit reflects a "reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. There is a strong presumption that a mutual agreement to resolve the case is fair. *See Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1994) (noting that the Eleventh Circuit Court of Appeals "favor[s] and encourage[s] settlements in order to conserve judicial resources.").

Throughout this litigation, Defendant has taken the position that the administrative exemption under the FLSA, the most critical issue governing liability in this action, applied to those employees classified as recruiters. Plaintiffs strongly disagree. And, overall, the Parties have maintained diametrically opposing positions on each material litigation issue, including the number of hours Plaintiffs worked each week. The Parties' Agreement therefore resolves bona fide disputes over potential liability and available damages. The Plaintiffs have weighed the pros and cons of continuing to pursue their claims in the action and in the arbitrations, and they have decided to resolve their claims. This compromise is a fair and reasonable resolution of Plaintiffs' claims.

As such, the Parties request that the Court approve the Settlement as it is a fair and reasonable compromise of the Parties' dispute**s.**

## B.  THE ATTORNEYS' FEES AND COSTS ARE REASONABLE

The FLSA requires that the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorneys' fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

Here, the Parties specifically agreed upon the amount to be paid to Plaintiffs for all fees and costs associated with Plaintiffs' claims. Defendant will pay $40,345.52 in attorneys' fees and costs to resolve this Action, and the three arbitrations filed with AAA.

Plaintiffs seek reimbursement of $3,449.15 in costs. Ex. B, Salas Decl. ¶28. This amount represents payment primarily for mediation and filing fees that have not already been reimbursed from the prior individual settlements reached in this action. *Id.*

Plaintiffs negotiated the amount they demanded for attorneys' fees separate and apart from the amounts they demanded in unpaid wages and liquidated damages. Ex. B, Salas Decl. ¶25. In the settlement demands Plaintiffs made on September 22, 2022; October 21, 2022; and November 15, 2022, Plaintiffs separated the amounts they sought for themselves as wages and liquidated damages from the amounts they demanded for attorneys' fees on a discounted lodestar basis. Ex. B, Salas Decl. ¶26. Plaintiffs accepted Defendant's December 22, 2022 settlement offer, and reduced the amounts allocated to each Plaintiff and to Werman Salas as attorneys' fees on a pro rata basis based on the separate amounts demanded for each Plaintiff and to Werman Salas P.C. as attorneys' fees. Ex. B, Salas Decl. ¶27. Because Plaintiffs separately negotiated the amounts to be paid to Plaintiffs as unpaid wages and the amounts to be paid to Werman Salas as attorneys' fees, the Court need not review Counsel's lodestar. *Lytle v. Lowe's Home Centers, Inc.*, No. 8:12-cv-1848, 2014 WL 6469428 (M.D. Fla. Nov. 17, 2014) (Covington, J.) (approving request for $1,300,000 in attorneys' fees and finding that because the request was unopposed and negotiated separately, the request was reasonable on its face and

did not require further analysis); *Torres v. Cubesmart Management, LLC,* No. 3:20-cv-1137, 2021 WL 3134395, at *5 (M.D. Fla. May 18, 2021) ("Because the parties agreed on the attorney's fees separately from the amounts to the plaintiffs, the Court need not undertake a lodestar review."); *Silva v. Speedway LLC,* 8:17-cv-1708, 2017 WL 4776686, at *1 n.1 (M.D. Fla. Oct. 23, 2017) (Covington, J.), citing *Bonetti v. Embarq Management Co.,* 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

The Parties agree as to the reasonableness of these amounts and ask that the Court approve them.

### III.  CONCLUSION

For the reasons set forth above and for good cause shown, the Parties respectfully request this Court approve the Parties' Settlement Agreement and dismiss the action with prejudice. The Parties also request the Court retain jurisdiction to enforce the terms of the Agreement for a limited period of 60 days so the Parties can coordinate the dismissal of the arbitration matters and delivery of the payments to the nine Plaintiffs. *Torres,* 2021 WL 3134395, at *5 ("Retaining jurisdiction for sixty days [in an FLSA action] is appropriate because a dozen plaintiffs must be paid, and the period is brief.")

Respectfully submitted this Wednesday, February 15, 2023,

By: */s/ Maureen A Salas*              By: */s/ Gina Merrill (*With Consent*)*

Maureen A. Salas
msalas@flsalaw.com
Michael Tresnowski
mtresnowski@flsalaw.com
**WERMAN SALAS P.C.**
77 W. Washington St., Ste 1402
Chicago, Illinois 60602
Phone: (312) 419-1008
Fax: (312) 419-1025

*Attorneys for Plaintiffs.*

Gina Merrill
gmerrill@kslaw.com
**KING & SPALDING, LLP**
1185 Avenue of the Americas
34th Floor
New York, NY 10036
Phone: (212) 790-5367

Christian Rowley, Lead Counsel
crowley@seyfarth.com
Justin T. Curley
jcurley@seyfarth.com
**SEYFARTH SHAW LLP**
560 Mission Street, Suite 3100
San Francisco, California 94105
Phone: (415) 544-1001

Erin G. Jackson
ejackson@johnsonjackson.com
Florida Bar No.: 413097
Ashley Tinsley Gallagher
agallagher@johnsonjackson.com
Florida Bar No.: 125141
**JOHNSON JACKSON PLLC**
100 N. Tampa St., Suite 2310
Tampa, Florida 33602
Phone: (813) 580-8400
Fax: (813) 580-8407

Stephanie Delatorre
**SEYFARTH SHAW LLP**
1075 Peachtree Street, NE
Suite 2500
Atlanta, GA 30309
Phone: (404) 885-1500
Email: sdelatorre@seyfarth.com

*Attorneys for Defendant Kforce Inc.*

## CERTIFICATE OF SERVICE

I have this day filed this *Joint Motion for Approval of FLSA Settlement, Dismissal of Claims with Prejudice, and For Retention of Jurisdiction for a Limited 60 Day Period* with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all Counsel of Record.

/s/ Maureen A. Salas
**Attorney for Plaintiffs**