UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAM WHITEMAN, et al.,

    Plaintiffs,

v.                      Case No. 8:22-cv-56-VMC-CPT

KFORCE INC.,

    Defendant.
_____/

**ORDER**

This matter is before the Court pursuant to the Joint Motion for Approval of FLSA Settlement, Dismissal of Claims with Prejudice, and for Retention of Jurisdiction for a Limited 60 Day Period (Doc. # 145), filed on February 15, 2023. The Court grants the Motion in part, approves the settlement, and dismisses the case with prejudice.

**I. Background**

Plaintiff Sam Whiteman filed this action against his former employer Kforce Inc. on January 6, 2022. (Doc. # 1). He filed an amended complaint on March 18, 2022, alleging violation of the overtime provisions of the Fair Labor Standards Act (FLSA) on behalf of a collective. (Doc. # 43). Numerous Kforce employees filed opt-in notices.

1

After the Court issued its fast-track Scheduling Order (Doc. # 23), the parties proceeded through discovery. On November 1, 2022, the Court denied Whiteman's motion for conditional certification of an FLSA collective. (Doc. # 132).

Subsequently, Whiteman and opt-in Plaintiffs Rachael Trimboli, Ashley Ford, Dweepkumar Shah, Jolene Holthaus, Jacalyn Guitard, Brian Lonergan, Gena Narcisco, and Trinh Tran reached a settlement with Kforce. (Doc. # 139). At the Court's direction, the parties now seek approval of the settlement. (Doc. # 145).

## II. Analysis

Plaintiffs allege that Kforce violated the overtime provisions of the FLSA. Accordingly, any settlement of this claim reached between the parties is subject to judicial scrutiny. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). Pursuant to the settlement agreement, the relevant parties have reached a settlement wherein it is agreed that Whiteman will receive $5,176.08 in taxable wages. (Doc. # 145-1 at 2-3). Trimboli will receive $5,385.34 in taxable wages. (Id. at 3). Ford will receive $3,187.66 in taxable wages. (Id.). Shah will receive $13,020.48 in taxable wages. (Id.). Holthaus will receive

$10,056.06 in taxable wages. (Id.). Guitard will receive $2,701.36 in taxable wages. (Id.). Lonergan will receive $4,613.95 in taxable wages. (Id.). Narcisco will receive $7,485.07 in taxable wages. (Id.). Tran will receive $6,427.62 in taxable wages. (Id.). It has also been agreed that Plaintiffs' counsel will receive $36,896.37 in attorney's fees and $3,449.15 in costs. (Id. at 3-4; Doc. # 145 at 7-8). The parties represent that they separately negotiated the amounts to be paid to Plaintiffs as unpaid wages and the amounts to be paid to [counsel] as attorneys' fees." (Doc. # 145 at 8).

Additionally, the parties explain that the issues in this case are still in dispute, but they have reached a settlement to avoid the risks and costs of protracted litigation. (Id. at 7). Furthermore, if Plaintiffs Narcisco, Lonergan, and Tran had not settled their claims, they would have had to continue to pursue their claims in the arbitration before the American Arbitration Association because they are "subject to a mandatory arbitration agreement." (Id. at 4, 7).

Pursuant to Bonetti v. Embarq Management Company, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), and other governing law, the Court approves the compromise reached by the parties

3

in an effort to amicably settle this case.[1] The settlement is fair on its face and represents a reasonable compromise of the parties' dispute.

However, the Court will not retain jurisdiction over this case following its dismissal with prejudice. The Court does not retain jurisdiction to enforce settlement agreements because a breach of an executed settlement agreement should be addressed in a separate breach of contract action.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED** that:

(1) The Joint Motion for Approval of FLSA Settlement, Dismissal of Claims with Prejudice, and for Retention of

---

[1] In Bonetti, the court explained: "if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes a full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." 715 F. Supp. 2d at 1228.

4

Jurisdiction for a Limited 60 Day Period (Doc. # 145) is **GRANTED** in part and **DENIED** in part.

(2) The parties' settlement is approved. This case is **DISMISSED WITH PREJUDICE.** The Court does not retain jurisdiction to enforce the terms of the settlement agreement.

(3) The Clerk is directed to terminate any deadlines and, thereafter, **CLOSE** this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 16th day of February, 2023.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE